Plaintiffs in error sued the defendants in error in the District Court, to enforce a material man's lien upon a certain lot in the city of Waco. The case was tried before the judge without a jury, and findings of the facts were made and filed on the written motion of the plaintiffs. The findings of the district judge were adopted by the Court of Civil Appeals. Judgment was given against plaintiffs, which was affirmed by the Court of Civil Appeals, and a writ of error granted by this court.
The facts are, briefly, that Mary Gebhard owned a lot in Waco as her separate property, which was the homestead of herself and her husband; they sold that homestead and purchased the lot upon which it is sought to foreclose the lien in this suit, with a part of the proceeds of such sale. At the time of the purchase, and at all times, they declared that they intended to make the lot so purchased their homestead. Gebhard made a contract with Turntine to build a house upon the lot, Turntine to furnish lumber and erect the building for a given price. Turntine was unable to purchase the lumber, and Gebhard entered into a contract with the plaintiffs to furnish to Turntine the lumber necessary for the building, the cost of the lumber to be deducted from the price agreed to be paid to Turntine. Defendant Gebhard transferred to plaintiffs a note which he had received for a part of the purchase price of his former homestead, as an advance payment on the lumber to be furnished. Plaintiffs knew at the *Page 613 
time that they agreed to furnish the lumber that defendants had sold their former homestead, and purchased this lot with the intention to make it their future homestead; that they had contracted with Turntine to build a residence upon the lot, and that the lumber to be furnished by them was to be placed in that residence. They furnished the lumber, which was used in erecting a residence on the lot, and the amount sued for is an unpaid balance on the lumber so furnished. There was no improvement upon the lot in question, and Gebhard had taken no steps to establish his homestead on it, other than the making of the contract with Turntine to build the house upon it. No contract in writing was made, but in all other respects the requirements of the law for fixing a lien on the property were complied with by plaintiffs.
The only question presented for our consideration in this case is, Was the lot in question the homestead of defendants at the time that the contract for the purchase of the lumber from plaintiffs was made? If it was not, the judgment should be reversed. If it was a homestead at that time, the judgment should be affirmed.
Upon the facts presented in this case, we hold that the homestead right in favor of defendants had attached to the lot sought to be subjected to the lien asserted, before the contract for the purchase of the lumber was made, and that plaintiffs in error having failed to make a contract in writing, signed and acknowledged as required by law, no lien was created upon the lot.
It is not necessary that we should in this case decide whether or not Turntine acquired a lien, or could without writing have fixed a lien on the lot.
Cases arising under homestead laws differ so widely in their facts that it is impossible to lay down any definite rules to govern in all cases that may arise. Each case must be determined upon its own peculiar state of facts; and oftentimes, with very slight difference in the facts, conclusions have been reached in different cases, which present the appearance of conflict, when in fact there is none, the facts being understood.
Pope v. Graham, 44 Tex. 196, on first reading would seem to be to some extent in conflict with the conclusion announced in this case. But when the facts of that case are understood there is no such conflict. The statement given of the facts in Pope v. Graham in the published report does not show what the intention of Pope was as to the future use of the property, or that any intention in reference thereto had been formed at a date anterior to the making of the contract. Referring to the original record in that case, we find that the only evidence introduced on the trial relative to the homestead referred to the date of the trial. The opinion expressed upon that point was evidently based upon the conclusion that the homestead right was not asserted until after the contract for building was made. That this was the understanding of the judge who delivered *Page 614 
the opinion, is made clear by his reference to the case of Potshuisky v. Krempkan, 26 Tex. 309, in which the homestead right was not asserted until after the lien had attached.
In Franklin v. Coffee, 18 Tex. 413, Chief Justice Hemphill, delivering the opinion, said: "Nor would it be necessary to secure the exemption that a house should be built or improvements made. But there must be a preparation to improve, and this must be of such a character and to such an extent as to manifest beyond a doubt the intention to complete the improvement and to reside upon the place as a home." Again, in the same case, it is said: "In this case there was no house or home upon the land. The plaintiff had not resided there before or since his marriage. He had made no preparation or done no acts which would evince a fixed intention and purpose to select and appropriate the place as a home." The facts in that case justified the conclusion that there was no homestead, but the court announced a rule which has been followed in all subsequent cases.
These principles enunciated in that case have been recognized and applied by this court in the cases of Moreland v. Barnhart,44 Tex. 280; Railway v. Winter, 44 Tex. 611
[44 Tex. 611]; Barnes v. White, 53 Tex. 631; Brooks v. Chatham, 57 Tex. 33; Swope v. Stantzenberger, 59 Tex. 390; Gardner v. Douglass, 64 Tex. 76; Archibald v. Jacobs,69 Tex. 251; Dobkins v. Kuykendall, 81 Tex. 183
[81 Tex. 183], and many other cases.
The case of Stone v. Darnell, 20 Tex. 11, was in fact decided upon the same principle as that enunciated in the case of Franklin v. Coffee. Darnell had not lived upon the land, but had sold a former homestead, and with the proceeds purchased the land in question, with the avowed purpose and intention of making it his homestead, and he had made a contract for the building of a house on it. The court did not in the opinion put it upon that ground, but it is evident that these facts had a controlling influence upon the conclusion arrived at in the case. The opinion was likewise delivered by Judge Hemphill. It is most likely that he would be governed by the doctrine announced by him but a short time before. This court has so understood and interpreted that case.
In the case of Railway v. Winter, 44 Tex. 611, Chief Justice Roberts, referring to the case of Stone v. Darnel said: "In the case of Stone v. Darnell such acts were done as were said to indicate the intention to appropriate the place as a home, and although not a home, literally, when levied on, but being such at the sale, it was exempt as a homestead."
In Barnes v. White, supra, there was no actual occupancy, but ownership with an intention to occupy, accompanied by preparation. The person claiming the homestead had partially constructed his house when he purchased the material to complete it, and the court held that no lien attached. The only difference in that case and the one under consideration *Page 615 
is, that a greater degree of progress had been made in the preparation to occupy.
In Dobkins v. Kuykendall, 81 Tex. 183, the claimant of the homestead had never lived upon the land, but declared his intention to make it his home. He hauled some logs and placed them on it, but not being able to complete the house, suspended work and rented lands at another place, and made no further effort to occupy it for a year. It was held, that the homestead right attached to the land. In that case there was not so much preparation as in this. There a foundation was laid and a few logs hauled; in this a contract had been made for the construction of the entire house. The diligence is wanting in that case that distinguishes this case. There the work was suspended for more than a year, while in this case the diligence went to the point that defendant in error, after finding that his contractor could not purchase lumber, stepped in and made the purchase for him.
In Scott v. Dyer, 60 Tex. 135, the party asserting the homestead right had lived upon a tract containing four acres in Paris, and had sold the improved part and moved away, but with the intention to make a home upon the remainder. No act was done to evidence this intention. The land was levied upon and sold under execution. The court held that the land was the homestead of the defendant in the suit. That is a case in which the bare intention kept the homestead right alive, when the house had been sold and the party took no steps to carry the intention into effect.
In Gardner v. Douglass, 64 Tex. 76, the party asserting the homestead claim had purchased an improved place for the purpose and with the avowed intention of making it a homestead. It was leased and he could not get possession of it at the time. It was seized before he moved upon it, and the court held that his intention to occupy, with the fact that he could not get possession, were sufficient to give the homestead exemption.
This court said, in Swope v. Stantzenberger, 59 Tex. 390: "In a great majority of the States, it is held that an actual occupation of the land must concur with the dedication, as a prerequisite to impressing upon it the homestead character. But a more liberal rule prevails in this State," and proceeds to quote from Franklin v. Coffee, and other cases, to show what that more liberal rule is.
It is held in Michigan more liberally even than in this State. The doctrine of that State is laid down thus: "Actual residence upon property is not an indispensable condition to its being in law a homestead, and as such exempt from levy and sale under execution; the question is, whether on the facts of the particular case, the land became a homestead in a legal sense before the levy was made upon it. To bring it within the exemption, when it is not actually occupied as such at the time of the levy, it *Page 616 
must satisfactorily be made to appear that the intention in good faith exists to occupy it as such, and the intention must have existed prior to and at the time of the levy. Bowles v. Hoard, 71 Mich. 154; Reske v. Reske, 51 Mich. 541; Mills v. Hobbs, 76 Mich. 125.
In Wisconsin the rule is stated thus: "The bona fide intention of acquiring the premises for a homestead, without defrauding any one, evidenced by overt acts in fitting them to become such, followed by actual occupancy in a reasonable time, must be held to give to the premises answering the description prescribed in the statute the character of a homestead." Scofield v. Hopkins, 61 Wis. 375. It is no doubt true that a majority of the States hold a more rigid rule against the homestead claim, but we believe that the better reason is with the doctrine of our own court.
In Archibald v. Jacobs, 69 Tex. 251, Chief Justice Stayton, delivering the opinion, said: "Where no homestead dedicated by actual occupancy exists, effect must be given to ownership, intention, and preparation to use for a home; otherwise one indebted might never be able to secure a home for a dependent family."
Intention alone can not give a homestead right; but it is at the same time equally true that all other things combined can not give it without the intention to dedicate it to the uses of a home. Valuable and costly improvements, coupled with long continued possession, without the existence of a bona fide intention to make it a home, will not make it such. But the placing upon the premises unhewn logs for the purpose of erecting thereon the humblest cabin, with a bona fide intention to occupy as soon as the cabin can be built, secures the right.
From these decisions it is apparent, that intention is almost the only thing that may not be dispensed with in some state of case; and it follows that this intention in good faith to occupy is the prime factor in securing the benefits of the exemption. Preparation — that is, such acts as manifest this intention — is but the corroborating witness to the declaration of intention, the safeguard against fraud, and an assurance of the bona fides of the declared intention of the party.
If a homestead can not be acquired until it is occupied, then no one can acquire a homestead exempted from forced sale unless he buys an improved place; and then he must have a race with the sheriff for possession. The unimproved lands of the country and the vacant lots of our cities can not be acquired for the purpose of making a home by the man who is indebted, except at the risk of turning it over to a creditor. If a man owes nothing, or is able to pay all that he owes, he does not need the exemption; if he has other property, he can protect his home by pointing out that other property for sale; but if he has nothing but the homestead, he comes within the necessity of the constitutional provision. and to him is the chief value of exemption. *Page 617 
Defendants in error showed their good faith by investing the proceeds of sale of their former homestead in this lot, and at once proceeding, in accordance with their declared intention, to secure the erection of a residence upon it. What more diligence could have been exercised in carrying that intention into effect, or what act could have been done that would more satisfactorily have proved that the intention was in good faith to dedicate it to homestead uses?
Plaintiffs in error could have secured a contract in writing, as required by law. They knew that the lot was to be the homestead; knew all the facts. The wife might not have been willing to encumber this lot, but preferred to have a more humble home, free from lien. She was entitled to the privilege of deciding the matter for herself.
The judgments of the Court of Civil Appeals and of the District Court are affirmed.
Affirmed.
Delivered June 24, 1898. *Page 618 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 619 
 APPENDIX. JUDICIARY ARTICLE OF THE CONSTITUTION AND AMENDMENTS. ARTICLE V. — JUDICIAL DEPARTMENT. Original sections 1-8.
SECTION 1. The judicial power of this State shall be vested in one Supreme Court, in a Court of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be established by law. The Legislature may establish Criminal District Courts with such jurisdiction as it may prescribe, but no such courts shall be established unless the district includes a city containing at least thirty thousand inhabitants as ascertained by the census of the United States or other official census: Provided, such town or city shall support said Criminal District Courts when established. The Criminal District Court of Galveston and Harris Counties shall continue with the district, jurisdiction, and organization now existing by law, until otherwise provided by law.
SEC. 2. The Supreme Court shall consist of a chief justice and two associate justices, any two of whom shall constitute a quorum, and the concurrence of two judges shall be necessary to the decision of a case. No person shall be eligible to the office of chief justice or associate justice of the Supreme Court unless he be at the time of his election a citizen of the United States and of this State, and unless he shall have attained the age of thirty years, and shall have been a practicing lawyer or a judge of a court in this State, or such lawyer and judge together, at least seven years. Said chief justice and associate justices shall be elected by the qualified voters of the State at a general election, shall hold their offices for six years, and shall each receive an annual salary of not more than three thousand five hundred and fifty dollars. In case of a vacancy in the office of chief justice or associate justice of the Supreme Court, the Governor shall fill the vacancy until the next general election for State officers, and at such general election the vacancy for the unexpired term shall be filled by election by the qualified voters of the State.
SEC. 3. The Supreme Court shall have appellate jurisdiction only, which shall be coextensive with the limits of the State; but shall only extend to civil cases of which the District Courts have original or appellate jurisdiction. Appeals may be allowed from interlocutory judgments of the District Courts, in such cases and under such regulations as may be provided by law. The Supreme Court and the judges thereof shall have power to issue, under such regulations as may be prescribed by law, the writ of mandamus and all other writs necessary to enforce the jurisdiction of said court. The Supreme Court shall have power, upon affidavit *Page 620 
or otherwise, as by the court may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction. The Supreme Court shall sit for the transaction of business from the first Monday in October until the last Saturday of June of every year, at the seat of government, and at not more than two other places in the State.
SEC. 4. The Supreme court shall appoint a clerk for each place at which it may sit, and each of said clerks shall give bond in such manner as is now or may hereafter be required by law; shall hold his office for four years, and shall be subject to removal by the said court for good cause entered of record on the minutes of said court.
SEC. 5. The Court of Appeals shall consist of three judges, any two of whom shall constitute a quorum and the concurrence of two judges shall be necessary to a decision of said court. They shall be elected by the qualified voters of the State at a general election. They shall be citizens of the United States and of this State; shall have arrived at the age of thirty years at the time of election; each shall have been a practicing lawyer or a judge of a court in this State, or such lawyer and judge together, for at least seven years. Said judges shall hold their offices for a term of six years, and each of them shall receive an annual salary of three thousand five hundred and fifty dollars, which Shall not be increased or diminished during their term of office.
SEC. 6. The Court of Appeals shall have appellate jurisdiction coextensive with the limits of the State in all criminal cases, of whatever grade, and in all civil cases, unless hereafter otherwise provided by law, of which the County Courts have original or appellate jurisdiction. In civil cases its opinions shall not be published unless the publication of such opinions be required by law. The Court of Appeals and the judges thereof shall have power to issue the writ of habeas corpus; and under such regulations, as may be prescribed by law, issue such writs as may be necessary to enforce its own jurisdiction. The Court of Appeals shall have power, upon affidavit or otherwise, as by the court may be thought proper, to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction. The Court of Appeals shall sit for the transaction of business from the first Monday of October until the last Saturday of June of every year, at the capital, and at not more than two other places in the State, at which the Supreme Court shall hold its sessions. The court shall appoint a clerk for each place at which it may sit, and each of said clerks shall give bond in such manner as is now or may hereafter be required by law; shall hold his office for four years, and shall be subject to removal by the said court for good cause, entered of record on the minutes of said court.
SEC. 7. The State shall be divided into twenty-six judicial districts, which may be increased or diminished by the Legislature. For each district there shall be elected, by the qualified voters thereof, at a general election for members of the Legislature, a judge, who shall be at least twenty-five years of age, shall be a citizen of the United States, shall have been a practicing attorney or a judge of a court in this state for the period of four years, and shall have resided in the district in which he is elected for two years next before his election; shall reside in his district during his term of office; shall hold his office for the term of four years; shall receive an annual salary of twenty-five hundred which shall *Page 621 
not be increased or diminished during his term of service; and shall hold the regular terms of court at one place in each county in the district twice in each year, in such manner as may be prescribed by law. The Legislature shall have power by general act to authorize the holding of special terms, when necessary, and to provide for holding more than two terms of the court in any county, for the dispatch of business; and shall provide for the holding of District Courts when the judge thereof is absent, or is from any cause disabled or disqualified from presiding.
SEC. 8. The District Court shall have original jurisdiction in criminal cases of the grade of felony; of all suits in behalf of the State to recover penalties, forfeitures, and escheats; of all cases of divorce; in cases of misdemeanors involving official misconduct; of all suits to recover damages for slander or defamation of character; of all suits for the trial of title to land, and for the enforcement of liens thereon; of all suits for trial of right to property levied on by virtue of any writ of execution, sequestration, or attachment, when the property levied on shall be equal to or exceed in value five hundred dollars; and of all suits, complaints, or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to five hundred dollars, exclusive of interest; and the said courts and the judges thereof shall have power to issue writs of habeas corpus in felony cases, mandamus, injunction, certiorari, and all writs necessary to enforce their jurisdiction. The District Courts shall have appellate jurisdiction and general control in probate matters over the County Court established in each county, for appointing guardians, granting letters testamentary and of administration, for settling the accounts of executors, administrators, and guardians, and for the transaction of business appertaining to estates; and original jurisdiction and general control over executors, administrators, guardians, and minors, under such regulations as may be prescribed by the Legislature. All cases now pending in the Supreme Court of which the Court of Appeals has appellate jurisdiction under the provisions of this article, shall, as soon as practicable after the establishment of said Court of Appeals, be certified, and the records transmitted to the Court of Appeals, and shall be decided by such Court of Appeals as if the same had been originally appealed to such court. [Const. 1876.]
 Amended Sections 1-8, declared adopted September 22 1891.
SECTION 1. The judicial power of this State shall be vested in one Supreme Court, in Courts of Civil Appeals, in a Court of Criminal Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law. The Criminal District Court of Galveston and Harris Counties shall continue with the district, jurisdiction, and organization now existing by law until otherwise provided by law. The Legislature may establish such other courts as it may deem necessary, and proscribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto.
SEC. 2. The Supreme Court shall consist of a chief justice and two associate justices, any two of whom shall constitute a quorum, and the concurrence *Page 622 
of two judges shall be necessary to the decision of a case. No person shall be eligible to the office of chief justice or associate justice of the Supreme Court unless he be, at the time of his election, a citizen of the United States and of this State, and unless he shall have attained the age of thirty years, and shall have been a practicing lawyer or a judge of a court, or such lawyer and judge together, at least seven years. Said chief justice and associate justices shall be elected by the qualified voters of the State at a general election, shall hold their offices six years or until their successors are elected and qualified, and shall each receive an annual salary of four thousand dollars until otherwise provided by law. In case of a vacancy in the office of chief justice of the Supreme Court the Governor shall fill the vacancy until the next general election for State officers, and at such general election the vacancy for the unexpired term shall be filled by election by the qualified voters of the State. The judges of the Supreme Court who way be in office at the time this amendment takes effect shall continue in office until the expiration of their term of office under the present Constitution, and until their successors are elected and qualified.
SEC. 3. The Supreme Court shall have appellate jurisdiction only, except as herein specified, which shall be coextensive with the limits of the State. Its appellate jurisdiction shall extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction, under such restrictions and regulations as the Legislature may prescribe. Until otherwise provided by law the appellate jurisdiction of the Supreme Court shall extend to questions of law arising in the cases in the Courts of Civil Appeals in which the judges of any Court of Civil Appeals may disagree, or where the several Courts of Civil Appeals may hold differently on the same question of law, or where a statute of the State is held void. The Supreme Court and the justices thereof shall have power to issue writs of habeas corpus as may be prescribed law, and under such regulations as may be prescribed by law the said courts and the justices thereof may issue the writs of mandamus, procedendo, certiorari, and such other writs as may be necessary to enforce its jurisdiction. The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State. The supreme court shall also have power, upon affidavit or otherwise, as by the court may be determined, to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction. The Supreme Court shall sit for the transaction of business from the first Monday in October of each year until the last Saturday of June in the next year, inclusive, at the capital of the State. The Supreme Court shall appoint a clerk, who shall give bond in such manner as is now or may hereafter be required by law, and he may hold his office for four years, and shall be subject to removal by said court for *Page 623 
good cause, entered of record on the minutes of said court, who shall receive such compensation as the Legislature may provide.
SEC. 4. The Court of Criminal Appeals shall consist of three judges, any two of whom shall constitute a quorum, and the concurrence of two judges shall be necessary to a decision of said court; said judges shall have the same qualifications and receive the same salaries as the judges of the Supreme Court. They shall be elected by the qualified voters of the State at a general election, and shall hold their offices for a term of six years. In case of a vacancy in the office of a judge of a Court of Criminal Appeals the Governor shall fill such vacancy by appointment for the unexpired term. The judges of the Court of Appeals who may be in office at the time when this amendment takes effect shall continue in office until the expiration of their term of office under the present Constitution and laws as judges of the Court of Criminal Appeals.
SEC. 5. The Court of Criminal Appeals shall have appellate jurisdiction coextensive with the limits of the State in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law. The Court of Criminal Appeals and the judges thereof shall have the power to issue the writ of habeas corpus, and, under such regulations as may be prescribed by law, issue such writs as may be necessary to enforce its own jurisdiction. The Court of Criminal Appeals shall have power, upon affidavit or otherwise, to ascertain such matters of fact as may be necessary to the exercise or its jurisdiction. The Court of Criminal Appeals shall sit for the transaction of business from the first Monday in October to the last Saturday of June in each year, at the State capital and two other places (or the capital city) if the Legislature shall hereafter so provide. The Court of Criminal Appeals shall appoint a clerk for each place at which it may sit, and each clerk shall give bond in such manner as is now or may hereafter be required by law, and who shall hold his office for four years unless sooner removed by the court for good cause, entered of record on the minutes of said court.
SEC. 6. The Legislature shall, as soon as practicable after the adoption of this amendment, divide the State into not less than two nor more than three supreme judicial districts, and thereafter into such additional districts as the increase of population and business may require, and shall establish a Court of Civil Appeals in each of said districts, which shall consist of a chief justice and two associate justices, who shall have the qualifications as herein prescribed for justices of the Supreme Court. Said Courts of Civil Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all civil cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law: Provided, that the decision of said courts shall be conclusive on *Page 624 
all questions of fact brought before them on appeal or error. Each of said Courts of Civil Appeals shall hold its sessions at a place in its district to be designated by the Legislature, and at such time as may be prescribed by law. Said justices shall be elected by the qualified voters of their respective districts, at a general election, for a term of six years, and shall receive for their services the sum of three thousand five hundred dollars per annum until otherwise provided by law. Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law. Each Court of Civil Appeals shall appoint a clerk, in the same manner as the clerk of the Supreme Court, which clerk shall receive such compensation as may be fixed by law. Until the organization of the Courts of Civil Appeals and Criminal Appeals, as herein provided for, the jurisdiction, power, and organization and location of the Supreme Court, the Court of Appeals, and the Commission of Appeals shall continue as they were before the adoption of this amendment. All civil cases which may be pending in the Court of Appeals shall, as soon as practicable after the organization of the Courts of Civil Appeals, be certified to and the records thereof transmitted to the proper Courts of Civil Appeals, to be decided by said courts. At the first session of the Supreme Court, the Court of Criminal Appeals, and such of the Courts of Civil Appeals which may be hereafter created under this article after the first election of the judges of such courts under this amendment, the terms of office of the judges of each court shall be divided into three classes, and the justices thereof shall draw for the different classes. Those who shall draw class No. 1 shall hold their offices two years, those drawing class No. 2 shall hold their offices for four years, and those who may draw class No. 3 shall hold their offices for six years from the date of their election and until their successors are elected and qualified; and thereafter each of the said judges shall hold his office for six years, as provided in this Constitution.
SEC. 7. The State shall be divided into as many judicial districts as may now or hereafter be provided by law, which may be increased or diminished by law. For each district there shall be elected by the qualified voters thereof, at a general election, a judge, who shall be a citizen of the United States and of this State, who shall have been a practicing lawyer of this State or a judge of a court in this State for four years next preceding his election; who shall have resided in the district in which he was elected for two years next preceding his election; who shall reside in his district during his term of office; who shall hold his office for the period of four years, and shall receive for his services an annual salary of two thousand five hundred dollars, until otherwise changed by law. He shall hold the regular terms of his court at the county seat of each county in his district at least twice in each year, in such manner as may be prescribed by law. The Legislature shall have power by general or *Page 625 
special laws to authorize the holding of special terms of the court, or the holding of more than two terms in any county for the dispatch of business. The Legislature shall also provide for the holding of District Court when the judge thereof is absent, or is from any cause disabled or disqualified from presiding. The district judges who may be in office when this amendment takes effect shall hold their offices until their respective terms shall expire under their present election or appointment.
SEC. 8. The District Courts shall have original jurisdiction in all criminal cases of the grade of felony; in all suits in behalf of the State to recover penalties, forfeitures, and escheats; of all cases of divorce; of all misdemeanors involving official misconduct; of all suits to recover damages for slander or defamation of character; of all suits for trial of title to land, and for the enforcement of liens thereon; of all suits for the trial of the right of property levied upon by virtue of any writ of execution, sequestration, or attachment, when the property levied on shall be equal to or exceed in value five hundred dollars; of all suits, complaints, or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest; of contested elections; and said courts and the judges thereof shall have power to issue writs of habeas corpus, mandamus, injunction, and certiorari, and all writs necessary to enforce their jurisdiction. The District Court shall have appellate jurisdiction and general control in probate matters over the County Court established in each county, for appointing guardians, granting letters testamentary and of administration, probating wills, for settling the accounts of executors, administrators, and guardians, and for the transaction of all business appertaining to estates; and original jurisdiction and general control over executors, administrators, guardians, and minors, under such regulations as may be prescribed by law. The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law; and shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law.
SEC. 9. There shall be a clerk for the District Court of each county, who shall be elected by the qualified voters for the State and county officers, and who shall hold his office for two years, subject to removal by information, or by indictment of a grand jury, and conviction by a petit jury. In case of vacancy the judge of the District Court shall have the power to appoint a clerk, who shall hold until the office can be filled by election.
SEC. 10. In the trial of all causes in the District Courts, the plaintiff or *Page 626 
defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be impanneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum and with such exceptions as may be prescribed by the Legislature.
 Original Sections 11, 12.
SEC. 11. No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him by affinity or consanguinity, within such degree as may be prescribed by law, or where he shall have been counsel in the case. When the Supreme Court, or the Appellate Court, or any two of the members of either, shall be thus disqualified to hear and determine any case or cases in said court, the same shall be certified to the Governor of the State, who shall immediately commission the requisite number of persons learned in the law, for the trial and determination of said cause or causes. When a judge of the District Court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or, upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law. And the district judges may exchange districts, or hold courts for each other, when they may deem it expedient, and shall do so when directed by law. The disqualification of judges of inferior tribunals shall be remedied, and vacancies in their offices shall be filled, as prescribed by law.
SEC. 12. All judges of the Supreme Court, Court of Appeals, and District Courts shall, by virtue of their offices, be conservators of the peace throughout the State. The style of all writs and process shall be "The State of Texas." All prosecutions shall be carried on in the name and by the authority of "The State of Texas," and conclude "Against the peace and dignity of the State." [Const. 1876.]
 Amended Sections 11, 12, declared adopted September 22, 1891.
SEC. 11. No judge shall sit in any case wherein he may be interested, or when either of the parties may be connected with him either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case. When the Supreme Court, the Court of Criminal Appeals, the Court of Civil Appeals, or any member of either, shall be thus disqualified to hear and determine any case or cases in said court, the same shall be certified to the Governor of the State, who shall immediately commission the requisite number of persons learned in the law, for the trial and determination of such cause or causes. When a judge of the District Court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or, upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law. And the district judges may exchange *Page 627 
districts or hold courts for each other when they may deem it expedient, and shall do so when required by law. The disqualification of judges of inferior tribunals shall be remedied, and vacancies in their offices filled, as may be prescribed by law.
SEC. 12. All judges of courts of this State shall, by virtue of their office, be conservators of the peace throughout the State. The style of all writs and process shall be, "The State of Texas." All prosecutions shall be carried on in the name and by the authority of "The State of Texas," and shall conclude "Against the peace and dignity of the State."
SEC. 13. Grand and petit juries in the District Courts shall be composed of twelve men; but nine members of a grand jury shall be a quorum to transact business and present bills. In trials of civil cases, and in trials of criminal cases below the grade of felony in the District Courts, nine members of the jury, concurring, may render a verdict, but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it. When, pending the trial of any case, one or more jurors, not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict: Provided, that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict.
SEC. 14. The judicial districts in this State and the time of holding the courts therein are fixed by ordinance forming part of this Constitution, until otherwise provided by law.
SEC. 15. There shall be established in each county in this State a County Court, which shall be a court of record; and there shall be elected in each county by the qualified voters, a county judge, who shall be well informed in the law of the State, shall be a conservator of the peace, and shall hold his office for two years, and until his successor shall be elected and qualified. He shall receive as a compensation for his services such fees and perquisites as may be prescribed by law.
 Original Section 16.
SEC. 16. The County Courts shall have original jurisdiction of all misdemeanors, of which exclusive original jurisdiction is not given to the Justice Courts, as the same are now or may be hereafter prescribed by law, and when the tine to be imposed shall exceed two hundred dollars; and they shall have exclusive original jurisdiction in all civil cases when the matter in controversy shall exceed in value two hundred dollars, and not exceed five hundred dollars, exclusive of interest; and concurrent jurisdiction with the District Courts, when the matter in controversy shall exceed five hundred and not exceed one thousand dollars, exclusive of interest, but shall not have jurisdiction of suits for the recovery of land. They shall have appellate jurisdiction in cases, civil and criminal, of which Justice Courts have original jurisdiction, but of such civil cases *Page 628 
only when the judgment of the court appealed from shall exceed twenty dollars, exclusive of costs, under such regulations as may be prescribed by law. In all appeals from Justice Courts, there shall be a trial de novo in the County Court, and when the judgment rendered or fine imposed by the County Court shall not exceed one hundred dollars such trial shall be final; but if the judgment rendered or fine imposed shall exceed one hundred dollars, as well as in all cases, civil and criminal, of which the County Court has exclusive or concurrent original jurisdiction, an appeal shall lie to the Court of Appeals, under such regulations as may be prescribed by law. The County Courts shall have the general jurisdiction of a Probate Court. They shall probate wills; appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards; grant letters testamentary and of administration; settle accounts of executors, administrators, and guardians; transact all business appertaining to the estates of deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the settlement, partition, and distribution of estates of deceased persons; and to apprentice minors as provided by law. And the County Courts, or judges thereof, shall have power to issue writs of mandamus, injunction, and all other writs necessary to the enforcement of the jurisdiction of said courts; and to issue writs of habeas corpus in cases where the offense charged is within the jurisdiction of the County Court, or any other court or tribunal inferior to said court. The County Court shall not have criminal jurisdiction in any county where there is a Criminal District Court, unless expressly conferred by law; and in such counties appeals from Justice Courts and other inferior courts and tribunals, in criminal cases, shall be to the Criminal District Courts, under such regulations as may be prescribed by law, and in all such cases an appeal shall lie from such District Courts to the Court of Appeals. Any case pending in the Count Court, which the county judge may be disqualified to try, shall be transferred to the District Court of the same county for trial; and where there exists any cause disqualifying the county judge for the trial of a cause of which the County Court has jurisdiction, the District Court of such county shall have original jurisdiction of such case. [Const. 1876.]
 Amended Section 16, declared adopted September 22, 1891.
SEC. 16. The County Courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the Justice Courts as the same is now or may hereafter be prescribed by law, and when the fine to be imposed shall exceed $200; and they shall have exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value $200 and not exceed $500, exclusive of interest; and concurrent jurisdiction with the District Court when the matter in controversy shall exceed $500 and not exceed $1000, exclusive of interest; but shall not have jurisdiction of suits for the recovery of land. They shall have appellate jurisdiction in cases civil and criminal of which Justice Courts have original jurisdiction, but of such civil cases only when the judgment of the court appealed from shall exceed $20, exclusive of cost, under such regulations as may be prescribed by law. In all appeals *Page 629 
from Justice Courts there shall be a trial de novo in the County Court, and appeals may be prosecuted from the final judgment rendered in such cases by the County Court, as well as all cases civil and criminal of which the County Court has exclusive or concurrent or original jurisdiction of civil appeals in civil cases to the Court of Civil Appeals, with such exceptions and under such regulations as may be prescribed by law. The County Courts shall have the general jurisdiction of a Probate Court; they shall probate wills; appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards; grant letters testamentary and of administration; settle accounts of executors; transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the settlement, partition, and distribution of estates of deceased persons; and to apprentice minors, as provided by law; and the County Court or judge thereof shall have power to issue writs of injunction, mandamus, and all writs necessary to the enforcement of the jurisdiction of said court, and to issue writs of habeas corpus in cases where the offense charged is within the jurisdiction of the County Court or any other court or tribunal inferior to said court. The County Court shall not have criminal jurisdiction in any county where there is a Criminal District Court unless expressly conferred by law; and in such counties appeals from Justice Courts and other inferior courts and tribunals in criminal cases shall be to the Criminal District Court, under such regulations as may be prescribed by law, and in all such cases an appeal shall lie from such District Court to the Court of Criminal Appeals. When the judge of the County Court is disqualified in any case pending in the County Court the parties interested may by consent appoint a proper person to try said case, or upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law.
SEC. 17. The County Court shall hold a term for civil business at least once in every two months, and shall dispose of probate business either in term time or vacation, as may be provided by law; and said court shall hold a term for criminal business once in every month, as may be provided by law. Prosecutions may be commenced in said court by information filed by the county attorney, or by affidavit, as may be provided by law. Grand juries empanneled in the District Courts shall inquire into misdemeanors, and all indictments therefor returned into the District Courts shall forthwith be certified to the County Courts, or other inferior courts having jurisdiction to try them, for trial; and if such indictment be quashed in the County or other inferior court, the person charged shall not be discharged if there is probable cause of guilt, but may be held by such court or magistrate to answer an information or affidavit. A jury in the County Court shall consist of six men; but no jury shall be empanneled to try a civil case unless demanded by one of *Page 630 
the parties, who shall pay such jury fee therefor, in advance, as may be prescribed by law, unless he makes affidavit that he is unable to pay the same.
SEC. 18. Each organized county in the State, now or hereafter existing, shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. The present County Courts shall make the first division. Subsequent divisions shall be made by the Commissioners Court provided for by this Constitution. In each such precinct there shall be elected, at each biennial election, one justice of the peace and one constable, each of whom shall hold his office for two years and until his successor shall be elected and qualified: Provided, that in any precinct in which there may be a city of eight thousand or more inhabitants, there shall be elected two justices of the peace. Each county shall in like manner be divided into four commissioners precincts, in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. The county commissioners so chosen, with the county judge as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed.
SEC. 19. Justices of the peace shall have jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be more than for two hundred dollars, and in civil matters of all cases where the amount in controversy is two hundred dollars or less, exclusive of interest, of which exclusive original jurisdiction is not given to the District or County Courts; and such other jurisdiction, criminal and civil, as may be provided by law, under such regulations as may be prescribed by law; and appeals to the County Courts shall be allowed in all cases decided in Justice Courts where the judgment is for more than twenty dollars, exclusive of costs, and in all criminal cases, under such regulations as may be prescribed by law. And the justices of the peace shall be ex officio notaries public; and they shall hold their courts at such times and places as may be provided by law.
SEC. 20. There shall be elected for each county, by the qualified voters, a county clerk, who shall hold his office for two years, who shall be clerk of the County and Commissioners Courts and recorder of the county, whose duties, perquisites, and fees of office shall be prescribed by the Legislature, and a vacancy in whose office shall be filled by the Commissioners Court, until the next general election for county and State officers: Provided, that in counties having a population of less than eight thousand persons there may be an election of a single clerk, who shall perform the duties of district and county clerks.
SEC. 21. A county attorney, for counties in which there is not a resident *Page 631 
criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of two years. In case of vacancy the Commissioners Court of the county shall have power to appoint a county attorney until the next general election. The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall, in such counties, be regulated by the Legislature. The Legislature may provide for the election of district attorneys in such districts as may be deemed necessary, and make provision for the compensation of district attorneys and county attorneys:Provided, district attorneys shall receive an annual salary of five hundred dollars, to be paid by the State, and such fees, commissions, and perquisites as may be provided by law. County attorneys shall receive as compensation only such fees, commissions, and perquisites as may be prescribed by law.
SEC. 22. The Legislature shall have power, by local or general law, to increase, diminish, or change the civil and criminal jurisdiction of County Courts; and in cases of any such change of jurisdiction the Legislature shall also conform the jurisdiction of the other courts to such change.
SEC. 23. There shall be elected by the qualified voters of each county a sheriff, who shall hold his office for the term of two years, whose duties and perquisites and fees of office shall be prescribed by the Legislature, and vacancies in whose office shall be filled by the Commissioners Court until the next general election of county or State officers.
SEC. 24. County judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing, and the finding of its truth by a jury.
 Original Section 25.
SEC. 25. The Supreme Court shall have power to make rules and regulations for the government of said court, and the other courts of the State, to regulate proceedings and expedite the dispatch of business therein. [Const. 1876.]
 Amended Section 25, declared adopted September 22, 1891.
SEC. 25. The Supreme Court shall have power to make and establish rules of procedure, not inconsistent with the laws of the State, for the government of said court and the other courts of this State, to expedite the dispatch of business therein.
SEC. 26. The State shall have no right of appeal in criminal cases. *Page 632 
SEC. 27. The Legislature shall, at its first session, provide for the transfer of all business, civil and criminal, pending in District Courts, over which jurisdiction is given by this Constitution to the County Courts or other inferior courts, to such County or inferior courts, and for the trial or disposition of all such causes by such County or other inferior courts.
 Original Section 28.
SEC. 28. Vacancies in the office of judges in the Supreme Court, of the Court of Appeals, and District Court, shall be filled by the Governor until the next succeeding general election; and vacancies in the office of county judge, and justices of the peace, shall be filled by the Commissioners Court, until the next general election for such offices. [Const. 1876.]
 Amended Section 28, declared adopted September 22, 1891.
SEC. 28. Vacancies in the office of judges of the Supreme Court, the Court of Criminal Appeals, the Court of Civil Appeals, and District Courts, shall be filled by the Governor until the next succeeding general election, and vacancies in the office of county judge and justices of the peace shall be filled by the Commissioners Court until the next general election for such offices.
 Section 29, declared adopted September 25, 1883.
SEC. 29. The County Court shall hold at least four terms for both civil and criminal business annually, as may be provided by the Legislature, or by the Commissioners Court of the county under authority of law, and such other terms each year as may be fixed by the Commissioners Court: Provided, the Commissioners Court of any county having fixed the times and number of terms of the County Court, shall not change the same again until the expiration of one year. Said court shall dispose of probate business either in term time or vacation, under such regulation as may be prescribed by law. Prosecutions may be commenced in said courts in such manner as is or may be provided by law, and a jury therein shall consist of six men. Until otherwise provided, the terms of the County Court shall be held on the first Mondays in February, May, August, and November, and may remain in session three weeks. *Page 633 
 ACT TO REORGANIZE THE SUPREME COURT.
An act to amend articles numbers 1002, 1005, 1011, 1012, 1014, 1017, 1019, 1023, 1024, 1025, 1033, 1039, 1043, 1044, 1049, 1050, 1056, 1057, 1058, 1060, of the Revised Civil Statutes of Texas, and to add articles 1011a, 1011b, 1011c, 1011d, 1011e, and to repeal articles numbers 1006, 1007, 1008, 1009, 1034, 1035, 1036, 1037, 1038, 1045, 1046, 1048, of the same title of the Revised Civil Statutes of Texas, and to provide for the transfer of cases pending in the Supreme Court to the Court of Civil Appeals.
SECTION 1. Be it enacted by the Legislature of the State ofTexas: That articles numbers 1002, 1005, 1011, 1012, 1014, 1017, 1019, 1023, 1024, 1025, 1033, 1039, 1043, 1044, 1049, 1050, 1056, 1057, 1058, 1060, title 39 [26], of the Revised Statutes of Texas, be and the same are hereby so amended as to read as follows:
Article 1002. That the chief justice and associate justices of the Supreme Court shall be elected by the qualified voters of the State at a general election. The judges of said court now in office shall hold their office until the expiration of the term for which they were elected, and until their successors are elected and qualified. As soon as practicable after the election of the successors to the present incumbents, the newly elected judges shall cast lots for the term of office. The one who shall draw number one shall hold his office for two years; the one drawing number two shall hold his office for four years, and the one drawing number three shall hold his office for six years; each to hold his office until his successor is elected and qualified; and each justice of the Supreme Court elected thereafter shall hold his office for six years and until his successor is elected and qualified, and shall each receive an annual salary of four thousand dollars.
Article 1005. The Supreme Court shall hold one term each year at the city of Austin, commencing on the first Monday in October of each year and may continue until the last Saturday in the next June.
Article 1011. That the Supreme Court shall have appellate jurisdiction coextensive with the limits of the State, which shall extend to questions of law arising in all civil cases of which the Courts of Civil Appeals have appellate, but not final, jurisdiction.
Article 1011a. All causes shall be carried up to the Supreme Court by writs of error issuing from the Supreme Court to the Courts of Civil Appeals upon final judgment and not on judgments reversing and remanding causes except in the following cases, to-wit:
(1) Where the State is a party or where the railroad commissioners are parties.
(2) Cases which involve the construction and application of the Constitution of the United States or of the State of Texas, or of an act of Congress. *Page 634 
(3) Cases which involve the validity of a statute of the State.
(4) Cases involving the title to a State office.
(5) Cases in which a Civil Court of Appeals overrules its own decisions or the decision of another Court of Civil Appeals or of the Supreme Court.
(6) Cases in which the judges of any Court of Civil Appeals may disagree.
(7) Cases in which any two of the Courts of Civil Appeals may hold differently on the same question of law.
(8) When the judgment of the Court of Civil Appeals reversing a judgment practically settles the case, and this fact is shown in the petition for writ of error.
Article 1011b. Any party desiring to sue out a writ of error before the Supreme Court, shall present his petition to said court, stating the names and residences of the parties adversely interested, with a brief statement of the nature of his case, and the ground upon which the writ of error is prayed, and it must appear that the errors complained of arose upon questions of law, the determination of which were necessary to the decision of the cause in the Court of Civil Appeals, and that said questions was [were] properly presented to said court, and it must further appear that the Supreme Court would have jurisdiction thereof; and the petition shall contain such other requisites as may be prescribed by the Supreme Court. The petition must be accompanied with a certified copy of the conclusions or law and fact filed in the cause by the Court of Civil Appeals, with the opinion thereof, together with a certified copy of the judgment in the trial court, and of the bond given in the lower court, if any, and if plaintiff in error has given no bond, then the Supreme Court in granting the writ shall specify what bond shall be given, and the plaintiff in error shall file said bond in the trial court, to be approved by the clerk of said court, and a certified copy thereof shall be at once transmitted to the Supreme Court, and upon the filing of said certified copy, the clerk of the Supreme Court shall issue citation in error as may be prescribed by the Rules of the Supreme Court.
Article 1011e. If it shall appear to the Supreme Court from an inspection of the petition and record that there is error in said judgment of the Court of Civil Appeals, it shall grant a writ of error returnable in thirty days, in such manner as may be prescribed by said court.
Article 1011d. The Supreme Court shall from time to time make and promulgate suitable forms, rules, and regulations for carrying into effect the foregoing articles relating to the jurisdiction and practice of the Supreme Court.
Article 1011e. The Supreme Court shall have the power, upon affidavit or otherwise, as the court may determine, to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction. *Page 635 
Article 1012. The Supreme Court, or any justice thereof, shall have power to issue writs of habeas corpus as may be prescribed by law; and the said court, or the justices thereof, may issue writs of mandamus, procedendo, certiorari, and all writs necessary to enforce the jurisdiction of said court; and in term time or vacation may issue writs of quo warranto or mandamus against any district judge or officer of the State government, except the Governor of the State.
Article 1014. The Supreme Court shall have power to make, establish, and enforce all necessary rules of practice and procedure, not inconsistent with the laws of this State, for the government of said court, and all other courts of the State, so as to expedite the dispatch of business in said courts.
Article 1017. There shall be appointed for the Supreme Court one clerk, who shall reside at the place of holding court, which appointment shall be made by the court or judges thereof, and shall be entered of record in the proceedings of the court; and each person so appointed shall, before he enters upon the duties of his office, take and subscribe the oath prescribed by the Constitution, before some officer authorized to administer oaths generally, and shall enter into a bond, with two good and sufficient sureties, to be approved by the court or judges thereof, payable to the Governor and his successors in office, in the penalty of five thousand dollars, conditioned for the faithful performance of the duties of his office, and that he correctly records the judgments, decrees, decisions, and orders of the said court, and deliver up to his successor in office all records, minutes, books, and papers, and whatever belongs to his said office of clerk, which bond and oath shall, without delay, be deposited in the office of the Secretary of State, and shall not be void on first recovery, but may be put in suit and prosecuted by any party injured until the amount thereof be recovered.
Article 1019. The clerk of the Supreme Court shall hold his office for the term of four years from his appointment, but may be removed therefrom for neglect of duty or misconduct of office, by the Supreme Court, on motion, of which the clerk against whom complaint is made shall have ten days previous notice, specifying the particular charges of negligence or misconduct in office preferred; and in every such case the court shall determine the law and the facts, and whenever the necessity occurs, the Supreme Court may appoint a clerk pro tempore. The clerk of the Supreme Court shall receive as compensation for his services a salary of twenty-five hundred dollars per annum, and he shall collect and pay into the treasury of the State all fees and costs to be collected by him over and above the salaries allowed him and his deputies, under such further rules and regulations as shall be prescribed by the Comptroller, not in conflict with this act; such rules and regulations to be subject to the approval of the judges of the Supreme Court, to be entered of record in the *Page 636 
minutes of said court. The Supreme Court shall also appoint a stenographer for said court at an annual salary of fifteen hundred dollars.
Article 1023. The clerk of the Supreme Court may appoint not more than two deputies at any time, whenever authorized to do so by a majority of the judges of the Supreme Court, which authority shall appear of record in the minutes of said court. Said deputies may discharge all the duties required by law of said clerk, and said deputies shall be required to give bond in the same manner and amount as the clerk of said court, and to be approved by the judges of said court. Said deputies shall receive as compensation for their services such sum as shall be unanimously agreed on by the judges of the Supreme Court, this action to appear of record in the minutes of the court, not to exceed fifteen hundred dollars per annum, to be paid out of the fees collected by the clerk of said court; and the judges of the Supreme Court may dispense with the services of any or all of such deputies, or for any length Of time whatever, as in their discretion they may deem to be to the public interest.
Article 1024. The clerk of the Supreme Court shall be librarian in charge of the library of said court.
Article 1025. It shall be the duty of such librarian to take charge of and keep together and in good order and make catalogues of the books of said libraries, which shall be open to the public use under such rules as may be prescribed by the court for the safe keeping thereof: Provided, the books shall not be removed from the library room except by the judges of the court, and by members of the Legislature during the session of the Legislature, upon their receipt for the same to the clerk.
Article 1033. In all cases of writs of error or certificates of error to the Supreme Court, the trial shall be only upon the question of law upon which the writ of error was allowed, or which was certified to the Supreme Court from a Court of Civil Appeals; but the Supreme Court may require at any time the original transcript to be sent up.
Article 1039. When any cause or suit may be taken to the Supreme Court by writ of error, the briefs and arguments filed in the Court of Civil Appeals shall be submitted to the Supreme Court, and in addition thereto the attorney for either party may file additional briefs, under such rules and regulations as may be prescribed by the Supreme Court. In cases appealed to the Supreme Court before the organization of the Court of Civil Appeals, parties thereto shall not be required to file briefs in the Supreme Court, and shall have the time provided in the act of civil appeals for filing their briefs in the Civil Court of Appeals after the cases have been transferred from the Supreme Court to the Court of Civil Appeals.
Article 1043. There shall be no reversal or dismissal for want of form: Provided, that the requirements of the law and the rule of the court be *Page 637 
sufficiently complied with in presenting the case to enable the court to determine the same upon its merits. In each case the Supreme Court shall affirm the judgment, reverse and render the judgment which the Court of Civil Appeals ought to have rendered, or reverse the judgment and remand the case to the lower court, if it shall appear that the justice of the case demands another trial.
Article 1044. If any party to the record, in any cause now pending in or hereafter taken to the Supreme Court or Court of Appeals, by appeal or writ of error, shall have died heretofore, or shall hereafter die, after the appeal bond has been filed and approved, or after the writ of error has been served, and before such cause has been decided by the Supreme Court or Court of Civil Appeals, such cause shall not abate by such death, but the court shall proceed to adjudicate such cause and render judgment therein as if all the parties thereto were living, and such judgment shall have the same force and effect as if rendered in the lifetime of all the parties thereto.
Article 1049. Whenever the Supreme Court on the trial of a cause brought from any Court of Civil Appeals, shall affirm the judgment or decree of such court, or when said court shall proceed to render such judgment or decree as should have been rendered by the Court of Civil Appeals, and such judgment shall be for the same or a greater amount, or of the same nature as rendered in the court below, said court shall render judgment against plaintiff in error and his sureties on his bond, a copy of which shall always accompany the transcript of the record.
Article 1050. The judgments of said court shall be final at the expiration of fifteen days from the rendition thereof, when no motion for rehearing has been filed; and upon the rendition of final judgment, the clerk of the Supreme Court, upon payment of costs, shall issue the mandate in the case. If for an cause the said court should set aside its judgment after the mandate has been issued, the clerk of the Supreme Court shall at once notify the party to whom the mandate was delivered, and the clerk of the court to which it was directed, to return it at once. All mandates from the said court shall issue to the court in which the original judgment was entered.
Article 1056. All writs and process issuing from the Supreme Court shall bear the test of the chief justice or presiding judge of said court, and be under the seal of said court and signed by the clerk thereof, and may be directed to the sheriff or any constable of any county in the State, and shall be by such officer executed according to the demand thereof, and returned to the court from which they emanated; and whenever such writs or process shall not be executed, the clerk of the said court is hereby authorized and required to issue another like process or writ upon the application of the party suing out the former writ or process to the same or any other county. *Page 638 
Article 1057. Upon the rendition by the Supreme Court of any such judgment or decree as is contemplated by article 1049, it shall not be necessary for the lower court from which the cause was removed to make any further order or decree therein, but the clerk of said lower court, on the receipt of the mandate of the Supreme Court or Court of Civil Appeals, shall proceed to issue execution thereon as in other cases.
Article 1058. The clerk of the Supreme Court shall not deliver the mandate of the court until all costs of that court and of the Court of Civil Appeals have been paid. If the costs have not been paid at the end of fifteen days from the date of judgment or from the overruling of a motion for rehearing, the said clerk may issue an execution for the costs of the Supreme Court and the Court of Civil Appeals, specifying the amount of each, and attaching to said execution a correct list of all costs accruing in each of said courts. Said execution shall be directed to the sheriff or any constable of the county from which the cause was removed, or to any county in which the person or persons liable under such execution, or either of them, may have property. It shall be the duty of every sheriff or constable receiving such execution to execute and return the same under the same rules, regulations, and liabilities as provided for executions from the District Court.
Article 1060. In case any officer shall fail or refuse to make such return with the amount of such costs, if he has collected the same, within the time prescribed herein, or shall make a false or fraudulent return of any such execution, the clerk of said Supreme Court may issue citation, returnable forthwith, to such officer to appear before the said Supreme Court and show cause, if any he can, why he has not collected and returned such costs and execution; and failing to show cause, said court may enter judgment against such officer and the sureties on his official bond for twice the amount of said costs, together with the cost of such proceeding. It shall be the duty of the clerk of the Supreme Court, when he shall receive any money due the clerk of any Court of Civil Appeals, to pay the same over to such clerk of the Court of Civil Appeals, and if he refuses to do so upon demand, the clerk of the said Court of Civil Appeals may file in the Supreme Court a motion against the said clerk so failing, and upon ten days notice given to him the said Supreme Court may enter judgment against said clerk of the Supreme Court and the sureties on his official bond for double the amount of the costs so collected by him and due to said clerk of the Court of Civil Appeals.
SEC. 2. The Supreme Court is authorized and required to appoint a reporter for its decisions, whose duties and compensation shall be the same as are now fixed by law, and he shall be subject to removal by the court for inefficiency or neglect or other good cause. The reporter shall be allowed such additional compensation for reporting the decisions of the Civil Courts of Appeal as the Supreme Court shall deem just; and the *Page 639 
court may appoint a bailiff to attend the sitting of the court, who shall receive an annual salary of three hundred dollars.
SEC. 3. Be further enacted: That articles numbers 1006, 1007, 1008, 1009, 1034, 1037, 1038, 1045, 1046, 1048, of title 36 [26], of the Revised Civil Statutes of Texas, be and the same are hereby repealed. All laws in conflict with the provisions of this act be and the same are hereby repealed.
SEC. 4. All causes that may be pending in the Supreme Court of Texas, when the Civil Courts of Appeals shall have been organized, shall be transferred by said Supreme Court to the Court of Civil Appeals to which it would be returnable under the law organizing such courts, and shall be decided under the same rule as obtained when any such appeal was perfected. Said causes shall be accompanied by a certified copy of all orders made by said Supreme Court, together with a certified copy of all costs which have accrued therein; and when said cause has been finally disposed of by said Court of Civil Appeals, the clerk of said court shall include said costs in the bill of costs accruing in said Court of Civil Appeals, and shall collect the same at the same time and in the same manner as the costs which have accrued in the Court of Civil Appeals, and when so collected he shall pay the same over to said clerk of the Supreme Court. That all bonds and obligations theretofore given in said cause to abide the judgment, sentence, or decree of said court, or to pay the costs of said court, shall be deemed and held to apply to said Civil Court of Appeals as if hereafter given under the provisions of this act.
SEC. 5. All records that have been finally disposed of by the Supreme Court, remaining at the Tyler and Galveston branches, when this act goes into effect, shall be transferred to said court at Austin; and the Supreme Court shall make such orders as may be necessary to carry this law into effect, and shall allow the clerk at Austin such compensation as they may deem just and reasonable for arranging and classifying said records and placing them in the transcript rooms.
SEC. 6. The fact that the present session of the Legislature is limited and rapidly drawing to a close, and the importance of this bill becoming a law, creates an emergency and imperative public necessity that the constitutional rule requiring bills to be read on three several days be suspended, and said rule is suspended, and this act shall take effect and be in force from and after September 1, 1892.
Approved April 13, 1892. *Page 640 
 ACT TO ORGANIZE THE COURTS OF CIVIL APPEALS.
An act to organize the Courts of Civil Appeals, to define their jurisdiction and powers, and to prescribe the mode of procedure therein.
SECTION 1. Be it enacted by the Legislature of the State ofTexas: That each of the Courts of Civil Appeals now or hereafter organized in this State shall consist of a chief justice and two associate justices, and the concurrence of two justices shall be necessary to the decision of a case.
SEC. 2. The chief justice and associate justices of each of the Courts of Civil Appeals shall be elected by the qualified voters of the respective districts composed of the counties returnable to the several courts, at a general election. Upon their qualification, after the first election after the creation of any Court of Civil Appeals in this State, the justices thereof shall draw lots for the terms of office; and those drawing No. 1 shall hold their offices for the term of two years; those drawing No. 2 shall hold their offices for a term of four years; and those drawing No. 3 shall hold their offices for a term of six years, from the date of their election and until their successors are elected and qualified. Each of said offices shall be filled by election at the next general election at which terms as aforesaid would expire, and the person elected shall thereafter hold his office for six years and until his successor is elected and qualified, and shall receive each an annual salary of three thousand and five hundred dollars, and no more.
SEC. 3. No person shall be eligible to the office of chief justice or associate justice of the Court of Civil Appeals unless he be at the time of his election a citizen of the United States and of this State, and a resident of the district for which he is elected, and unless he shall have attained the of thirty years, and shall have been a practicing lawyer or a judge of a court in this State, or such lawyer and judge together, at least seven years.
SEC. 4. In case of a vacancy in the office of chief justice or associate justice of any Court of Civil Appeals, the Governor shall fill the vacancy until the next general election for State officers, and at such general election the vacancy for the unexpired term shall be filled by election by the qualified voters of the district composed of counties returnable to said court.
SEC. 5. The appellate jurisdiction of the Courts of Civil Appeals shall extend to civil cases within the limits of their respective districts:
(1) Of which the District Court has original or appellate jurisdiction.
(2) Of which the County Court has original jurisdiction.
(3) Of which the County Court has appellate jurisdiction when the judgment or amount in controversy shall exceed $100 exclusive of interest and costs. The judgment of the Courts of Civil Appeals shall be conclusive *Page 641 
in all cases upon the facts of the case, and a judgment of such courts shall be conclusive on facts and law in the following cases; nor shall a writ of error be allowed thereto from the Supreme Court, to-wit:
(1) Any civil case appealed from a County Court or from a District Court when under the Constitution a County Court would have had original or appellate jurisdiction to try it, except in probate matters and in cases involving the revenue laws of the State or the validity of a statute.
(2) All cases of boundary.
(3) All cases of slander and divorce.
(4) All cases of contested elections of every character other than for State offices, except where the validity of a statute is attacked by the decision.
The judgment of said Courts of Civil Appeals shall be final in all appeals from interlocutory orders appointing receivers or trustees or such other interlocutory appeals as may be allowed by law, and the judgment of said court shall be final in all other cases as to law and facts except where appellate jurisdiction is given to the Supreme Court and not made final in said Courts of Civil Appeals.
SEC. 6. The said courts and the judges thereof shall have the power to issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said court.
SEC. 7. The said courts shall have power, upon affidavit or otherwise, as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction.
SEC. 8. The said courts shall have power to punish any person for a contempt of said court, according to the principles and usages of law in like cases, not to exceed one thousand dollars fine or imprisonment not exceeding twenty days.
SEC. 9. The said courts, or any judge thereof, in vacation may issue the writ of mandamus to compel a judge of the District Court to proceed to trial and judgment in a cause agreeably to the principles and usages of law, returnable on or before the first day of the next term, or during the session of the same, or before any judge of the said court, as the nature of the case may require.
[Sections 10-19 relate to the appointment and duties of clerks.]
SEC. 20. In any appeal or writ of error as provided for in this act, the appellant or plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within ninety days from the perfecting of the appeal or service of the writ of error: Provided, that for good cause the court may permit the transcript to be thereafter filed upon such terms as it may prescribe.
SEC. 21. In case the appellant or plaintiff in error shall fail to file a transcript of the record, as directed in this act, then it shall be lawful for *Page 642 
the appellee or defendant in error to file with the clerk of said court a certificate of the clerk of the District or County Court in which any such appeal or writ of error may have been taken, attested by the seal of his court, stating the time when such appeal was perfected, or such citation was served; whereupon it shall be the duty of the Court of Civil Appeals to affirm the judgment of the court below, unless good cause can be shown why such transcript was not filed by the appellant or plaintiff in error. If a copy of the bond accompanies such certificate of the clerk of the District or County Court, the judgment shall in like manner be affirmed against the sureties on such bond.
SEC. 22. In all cases where the Court of Civil Appeals shall have affirmed the judgment of the court below, under the provisions of the preceding section, said court may, at ally time within fifteen clays after such affirmance, permit the transcript to be filed by the appellant or plaintiff in error, and the case to be tried on its merits: Provided, the appellant or plaintiff in error shall show to the court good cause wily the transcript was not filed by him in accordance with the provisions of section 20, and shall also show to said court that he Ills given the appellee or defendant in error notice of his intention to apply for such permission to file said trascript. And in cases where the court shall adjourn within fifteen days after any judgment shall have been affirmed under the provisions of the next preceding section, the court may permit the appellant or plaintiff in error to file said transcript at such time as may be deemed proper, and have said cause tried on its merits: Provided, said appellant or plaintiff in error shall show good cause why said transcript was not filed as herein directed, and shall sinew to the court that he has given the appellee or defendant in error notice of his intention to apply for permission to file said transcript.
SEC. 23. When a cause is carried to the Court of Civil Appeals by writ of error, it shall be docketed in the order of the date received, and the clerk shall transfer said cause to the trial docket thirty days after the same has been received and docketed: Provided, that the court may upon motion of either party, of which notice shall be given to the adverse party, extend the time for placing said cause on the trial docket for good cause shown. Causes on the trial docket of said court shall be heard in the order of the date of filing, except as hereinafter provided, unless continued to some future time for good cause shown, and it shall be the duty of the clerk, under the directions of the court, to notify the parties or the attorneys of record of the date when the cause is set for hearing.
SEC. 24. In all cases of appeal or writ of error to the Court of Civil Appeals, the trial shall be on a statement of facts or agreed statement of the pleadings and proof, as agreed upon by the parties or their attorneys, or the conclusions of law and fact, as the case may be, certified to by the judge of the court below; or should the parties fail to agree, then the judge of the court below shall certify the facts; or on a bill of exceptions *Page 643 
to the opinion of the judge; or on a special verdict; or on an error in law, either assigned, or apparent on the face of the record; and in the absence Of all these, the case shall be dismissed with costs alone, or with costs and damages, at the discretion of the court. And the court shall admit, as part of the record to be examined by them in the trial of a cause, every bill of exception not signed by the judge trying the cause below, upon its appearing to the satisfaction of the court that the facts are fairly stated therein, that said bill was prepared in accordance with the law governing the preparation of such bills, and that the judge trying the cause refused to sign the same; and the truth of any such bill of exceptions shall be determined by the court on the copies of the affidavits required by law to be made in such cases, such copies to be contained in and to form a part of the record transmitted to the Court of Civil Appeals.
SEC. 25. The appellant or plaintiff in error shall, in all cases, file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies, before he takes the transcript of the record from the clerk's office; all errors not distinctly specified are waived.
SEC. 26. When any cause or suit may be taken up from any inferior court to the Court of Civil Appeals, whether by appeal, writ of error, or otherwise, it shall be lawful for the attorney, both for the plaintiff and defendant, to file in the papers of said suit or cause his written brief or argument; and the said court shall be required to notice the same as if it were the personal appearance of said attorney, and shall not dismiss any suit or cause where such brief or argument of counsel is filed with the papers, for want of other or further prosecution.
SEC. 27. No judge of the Court of Civil Appeals shall sit in any cause wherein he may be interested in the question to be determined, or where either of the parties may be connected with him by affinity or consanguinity, within the third degree, or where he shall have been of counsel in the cause; and where the court, or any two of its members, shall be thus disqualified to hear and determine any cause or causes in said court, that fact shall be certified to the Governor, who shall immediately commission the requisite number of persons, learned in the law, for the trial and determination of said cause or causes.
SEC. 28. The cases filed in the Court of Civil Appeals shall be decided in the order in which they are filed at each term of the court, but the following cases shall have precedence of all others in the order named:
(1) All cases in which the Railway Commission is a party.
(2) Cases in which the State is a party.
(3) Cases which shall be submitted on oral argument for all parties to the cause.
(4) Such other cases as the court by order or rule may direct.
On the call of cases the court shall set down the causes for argument *Page 644 
for such time as the same can be heard, and notice of which shall be given to counsel as heretofore provided, and said cause shall be determined upon argument, or as soon thereafter as practicable, or it shall be set down for further argument, but may be postponed by order of the court to a later day in the term.
SEC. 29. There shall be no reversal or dismissal, on appeal or writ of error, for want of form: Provided, sufficient matter or substance be contained in the record to enable the court to decide the cause upon its merits. And where the court shall be of opinion that an appeal or writ of error has been taken for delay, and that there was no sufficient cause for taking such appeal, then and in that case the appellant or plaintiff in error, if he be the defendant in the court below, shall pay ten per centum on the amount in dispute, as damages, together with the judgment, interest, and costs of suit thereon accruing. If in any judgment rendered in the District or County Court there shall be an excess of damages rendered, and before the plaintiff has entered a release of the same in such court in the manner provided by law, such judgment shall be removed to the Court of Civil Appeals, it shall be lawful for the party in whose favor such excess of damages has been rendered to make such release in the Court of Civil Appeals in the same manner as such release is required to be made in the District or County Court; and upon such release being filed in the said court, after revising said judgment, said Court of Civil Appeals shall proceed to give such judgment as the court below ought to have given if the release had been filed therein.
SEC. 30. If any party to the record in any cause hereafter taken to the Court of Civil Appeals, by appeal or writ of error, or transferred from the Supreme Court or Court of Appeals, shall have died heretofore, or shall hereafter die, after the appeal bond has been filed and approved, or after the writ of error has been served, and before such cause has been decided, such cause shall not abate by such death, but the court shall proceed to adjudicate such cause anti render judgment therein as if all parties thereto were still living, and such judgment shall have the same force and effect as if rendered in the lifetime of the parties thereto.
SEC. 31. After a cause is decided in the Court of Civil Appeals, a conclusion of the facts and law of the case shall be filed in said cause within thirty days after the decision of the same: Provided, it shall not be necessary to file said conclusion in causes in which no writ of error will lie to the Supreme Court; but where a cause is reversed, then the court shall file the reasons for reversing the same.
SEC. 32. When any one of said Civil Courts of Appeals shall in any cause or proceeding render a decision in which any one of the judges therein sitting shall dissent as to any conclusions of law material to the decision of the case, said judge shall enter the grounds of his dissent of record, and the said Court of Civil Appeals shall, upon motion of the *Page 645 
party to the cause, or on its own motion, certify the point or points of dissent to the Supreme Court.
SEC. 33. When a certificate of dissent is sent up by any Court of Civil Appeals, it shall be the duty of the clerk to send up a certified copy of the judgment of the court below, with a certified copy of the conclusion of facts and law as found by the court, and the questions of law upon which there is a division, and the original transcript if so ordered by the Supreme Court; and thereupon, if the Supreme Court so direct, the clerk shall set down the same for argument and notify the attorneys of record.
SEC. 34. After the question is decided the Supreme Court shall immediately notify the Court of Civil Appeals of their decision, and the same shall be entered as the judgment of said Court of Civil Appeals.
 Original Section 35.
SEC. 35. Whenever, in any case pending before the Court of Civil Appeals, of which said Court of Civil Appeals has final jurisdiction, there should arise an issue of law that is novel, or presenting a question of first impression to the court, and the Court of Civil Appeals should deem it advisable to present the issue to the Supreme Court for adjudication, it shall be the duty of the presiding judge of said court to certify the very question to be decided to the Supreme Court, and during the pendency of the decision by the Supreme Court the cause in which the issue is raised shall be retained for final adjudication in accordance with the decision of the Supreme Court upon the issue submitted. [Acts 22d Legis., 1892, p. 31.]
 Amended Section 35. Approved May 22, 1893.
SEC. 35, Whenever, in any case pending before the Court of Civil Appeals, there should arise an issue of law which said court should deem it advisable to present to the Supreme Court for adjudication, it shall be the duty of the presiding judge of said court to certify the very question to be decided to the Supreme Court, and during the pendency of the decision by the Supreme Court the cause in which the issue is raised shall be retained for final adjudication in accordance with the decision of the Supreme Court upon the issue submitted. [Acts 23d Legis., 1893, p. 31.]
SEC. 36. When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained, or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below.
SEC. 37. Whenever the Court of Civil Appeals, on the trial of cases brought from an inferior court, shall affirm the judgment or decree of such inferior court, or when said court shall proceed to render such judgment *Page 646 
or decree as should have been rendered by the court below, and such judgment shall be for the same or a greater amount or of the same nature as rendered in the court below, said court shall render judgment against the appellant or plaintiff in error, and his sureties on the appeal bond, a copy of which shall always accompany the transcript of the record; and said Court of Civil Appeals shall, in their discretion, include in their said judgment or decree such damages, not exceeding ten per cent on the amount of the original judgment, as the court may deem proper; and the judgment or decree of said court rendered as contemplated in this section shall be final.
SEC. 38. If no writ of error be sued out or motion for rehearing be filed within thirty days after the conclusions or decision of the court has been entered in any Court of Civil Appeals, the clerk of the court shall, upon application of either party and the payment of all costs, issue a mandate upon said judgment; and in any cause reversed by said court the appellant shall be entitled to an execution against the appellee for costs occasioned by such appeal, including costs for the transcript, said costs to be taxed by the clerk of the said court.
SEC. 39. Widen there is a defect of substance or form in any appeal or writ of error bond, on motion to dismiss the same, for such defect, the court may allow the same to be amended by filing in said Court of Civil Appeals a new bond on such terms as the court may prescribe.
SEC. 40. A majority of the several Courts of Civil Appeals shall constitute a quorum for the transaction of business. The said courts may adjourn from day to day, or for such time as may be deemed proper by the judges thereof; but if a sufficient number of the judges shall not be present at the first or any day of the term, any judge of the court, or the sheriff attending the same, may adjourn the court from time to time, until a quorum shall be in attendance, but the court shall not be finally adjourned for the term.
SEC. 41. Any party desiring a rehearing of any matter determined by said courts may, within fifteen days after the date of entry of the judgment or decision of the court, or the filing of the findings of fact and conclusions of law, file with the clerk of said court his motion in writing for rehearing thereof, in which motion the grounds relied upon for the rehearing shall be distinctly specified, and the name and residence of the counsel of the opposing party, if known, and if not known, then the name and residence of the opposing party as shown in the record: Provided, that should the court adjourn within less than fifteen days after the rendition of the judgment, the motion may be made at such time and in such manner as may be prescribed by rules to be made by the Supreme Court.
SEC. 42. Upon the filing of such motion with the clerk of said court, he shall make a certified copy thereof and transmit the same by mail to the sheriff or any constable of the county in which the attorney or opposing *Page 647 
party, as the case may be, is alleged in said motion to reside, together with a precept commanding him to deliver the copy of the motion to the person named in such precept.
SEC. 43. Upon the receipt of such precept and copy of motion by the officer, it shall be his duty to deliver the copy of the motion to the person named in said precept, if found in his county, and to return said precept to the court from which it issued, by mail, stating thereon in what manner he executed the same, or that the party named in the precept is not to be found in his county, as the case may be.
SEC. 44. At any time after five days from the return of such precept served, it shall be lawful for said court to hear and determine such motion for rehearing, and not sooner.
SEC. 45. All writs and process issuing from the Court of Civil Appeals shall bear the test of the chief justice or presiding judge of said court, under the seal of said court, and signed by the clerk thereof, and shall be directed to the sheriff or any constable of any county in the State, and shall be by such officer executed according to the command thereof and returned to the court from which they emanated; and whenever such writ or process shall not be executed, the clerk of said court is hereby authorized and required to issue another like process or writ upon the application of the party suing out the former writ or process to the same or any other county.
SEC. 46. Upon the rendition by the Court of Civil Appeals of any such judgment or decree as is contemplated by section 37, it shall not be necessary for the lower court from which the cause was removed to make any further order or decree therein, but the clerk of said lower court, on receipt of the mandate of the Supreme Court or Court of Civil Appeals, shall proceed to issue execution thereon as in other cases.
SEC. 47. On the rendition of any final judgment or decree by the Court of Civil Appeals, the clerk of said court shall not issue and deliver the mandate of the court, or certify the proceedings to the lower court, until all of the costs accruing in the cause in the Court of Civil Appeals have been paid. If neither party shall pay the costs and take out the mandate within thirty days after the time when the same can be issued by law, then it shall be the duty of the clerk to issue execution for the costs accruing in his court against the party against whom such costs have been adjudged, and to send such execution by mail to the proper officer for collection, but he shall retain the mandate until the costs shall have been paid or collected.
SEC. 48. All executions for costs of the Court of Civil Appeals, as authorized by law, shall be returned by the sheriff or constable to whom they are directed within four months from the date thereof.
SEC. 49. In case any officer shall fail or refuse to make such return with the amount of such costs, if he has collected the same, within the *Page 648 
time prescribed herein, or shall make a false or fraudulent return of any such execution, the clerk of said court may issue citation returnable forthwith to such officer to appear before said court and show cause, if any he can, wily he has not collected and returned said costs and execution; and failing to show cause, said court may enter judgment against such officer and the sureties on his official bond for twice the amount of said costs, together with the costs of such proceeding.
SEC. 50. The clerk of each of the Courts of Civil Appeals shall be entitled to a salary of twenty-five hundred dollars per annum, to be paid out of the fees collected by him, and he shall collect and pay into the treasury of the State all fees and costs collected by him over and above the salary herein allowed, under such further rules and regulations not in conflict with this act as shall be prescribed by the Comptroller, and to be approved by the judges of each Court of Civil Appeals.
SEC. 51. Each Court of Civil Appeals shall appoint one stenographer, who shall discharge such duties as may be required by the court, shall be duly sworn to keep secret all matters which may come to his knowledge as said stenographer, shall receive a salary of twelve hundred dollars per annum, and shall each give bond with two or more sureties in the sum of five thousand dollars, payable to the State of Texas, conditioned for the faithful performance of the duties of said office.
SEC. 52. The reporter of the Supreme Court shall also be reporter to the Court of Civil Appeals, and the decisions of said Courts of Civil Appeals shall be published and sold by the State in the same manner as is now provided by law for the publication and sale of the Supreme Court Reports.
SEC. 53. All notices required herein to be given by the Court of Civil Appeals to the parties or their attorneys of record in any case, shall be served by the clerk of said court transmitting said notice to said attorneys by registered letter through the mail, properly directed. Registration receipts shall be filed and kept by the clerk with the record of the cause. And all laws and parts of laws in conflict with this act are hereby repealed.
SEC. 54. The fact that the present session is rapidly drawing to a close and is limited by law, and the importance of this bill, creates an emergency, and an imperative public necessity exists that the constitutional rule requiring bills to be read in each house on three several days be suspended, and it is so enacted; and it is further enacted, that this bill take effect and be in force on and after the 1st day of September, A.D. 1892.
Approved April 13, 1892. *Page 649 
 ACT TO REGULATE PRACTICE IN THE COURTS OF CIVIL APPEALS.
An act to regulate the practice in the Courts of Civil Appeals of the State of Texas, in relation to reversal of cases when verdicts and judgments are held excessive, and to require such court to indicate the amount of such excess, and to provide for filing remittitur, and to define the effect thereof.
SECTION 1. Be it enacted by the Legislature of the State ofTexas: That in all civil cases now pending, or that may hereafter be appealed to any Court of Civil Appeals of this State, and such court shall be of opinion that the verdict and judgment of the trial court is excessive, and for that reason only said cause should be reversed, then it shall be the duty of such Court of Civil Appeals to indicate to the party in whose favor such judgment was rendered, or his attorneys of record, the amount of the excess of such verdict and judgment, and said court shall at the same time indicate to such party or his attorney within what time he may file a remittitur of such excess; and if such remittitur shall be so filed, then the court shall reform and affirm such judgment in accordance therewith; if not filed as indicated, then to be reversed.
SEC. 2. Whenever any Court of Civil Appeals shall indicate that a verdict is excessive, as herein before provided, and no remittitur shall be filed, as herein provided, no evidence shall be allowed, nor allusion made, in any subsequent trial, of the action of such Court of Civil Appeals in reference to the amount of excess of such verdict.
* * * * * * * * * * * *
Approved May 1, 1898. Taking effect from its passage.
 *Page 1