NICHOLAS FRANKLIN AND WIFE V. WILLIAM COFFEE AND
OTHERS.

The Constitution does not reserve to the head of a family, exempt from forced
sale, two hundred acres of land, not included in a town or city, for a home-
stead ; but, a homestead not to exceed two hundred acres.

A homestead necessarily includes the idea of a house, cabin or tent, which is
the home of the family.

There must be a homestead over which the Constitution may throw its shield,
and not land merely, upon which the owner may or may not put his cabin,
mansion or improvements, and claim it as a home.

See this case as to the continuance of a homestead when once acquired.

See this case as to the time at which the homestead exemption will attach, by
preparation to improve, with the intention to complete the improvements and
occupy them as a home.

Appeal from Fayette. Tried below before the Hon. James
H. Bell.

The facts are stated in the Opinion.

*J. T. Harcourt*, for appellant. The question presented in
the record is, as to the extent of the constitutional protection
of the family homestead. Does it extend to land not used and
occupied by the family? We think it does.

In Wood v. Wheeler it has been well said that, "the object
of the constitutional exemption, was to confer on the benefi-
ciary a home as an asylum—a refuge which cannot be invaded,
nor its tranquility or serenity disturbed."

The policy of the law is to secure an asylum free from the
assaults of creditors ; a home for the shelter and protection
of the family. Shall the benign policy of the law be thwarted
by the inability of the family to erect suitable tenements upon
the land? Will they not be protected whilst economically

living in a rented house, until enough is saved to erect a house upon their own land ? If not, the guarantee is a mockery, and does not help the poor man, (8 Tex. R. 312.)

The phraseology of the provision of the Constitution under review, forbids the interpretation that a mansion house was intended by the word homestead. It is an acknówledged rule in the interpretation of language, that the definition, if substituted for the word defined, will make good sense. The term, and its definition, will be convertible. To test the word homestead by this rule we would have, "The mansion house of a family not to exceed two hundred acres of land, &c." shall not be subject to forced sale. This would make nonsense.

Blackstone says that, "the most universal and effectual way of discovering the true meaning of a law where the words are dubious, is, by considering the reason and spirit of it, or the cause which moved the legislator to enact it." (Blk. 1 vol. 61.)

This Court has repeatedly dwelt with much liberality upon the humane policy and design of this provision of our Constitution, and it is believed that the same course of reasoning will protect our homestead in this case.

*W. R. Jarmon* and *Fred. Tate*, for appellees. What is a homestead ?

" 1st. The place of a mansion house ; the inclosure, or ground immediately connected with the mansion. 2d. native seat ; original place of residence." (Webster's Unabridged Dictionary.) "It is a mansion house." (2 Tom. Dic. p. 96, title Homestead or Homestall.) Bouvier gives a more comprehensive definition of this legal term : he says, a homestead is "the place of the house, or home place. Homestead farm does not necessarily include all the parcels of land owned by the grantor, though lying and occupied together. This depends upon the intention of the parties when the term is mentioned in a deed, and is to be gathered from the context. (1 Bouv. Law. Dic. p.

588 title " Homestead ;" citing 7 N. H. R. 241 ; 15 Johns. R. 471.

That it is the protection of the family in their home, which the Constitution secures, see Sampson & Keene v. Williamson and wife, 6 Tex. R. 102 ; Wood v. Wheeler, 7 Id. 13 ; Trawick v. Harris, 8 Id. 311 ; Earle v. Earle, 9 Id. 630 ; Lee and wife v. Kingsbury,13 Id. 68 ; Methery v. Walker, 17 Tex. R. It is not the design of the Constitution to protect wild land from forced sale.

HEMPHILL, CH. J. The appellant, Nicholas Franklin, was the owner of a tract of land a few miles from the town of La-grange. He had not resided upon the land before his marriage ; and since his marriage he had lived, under some arrangement, at the house of his mother-in-law in the town. Eight or ten years ago there was a small cabin built upon the land and a patch of two or three acres enclosed. There was no evidence that the improvements were made by or for Franklin. A wit-ness thought that another person, whom he named, made the improvements. A free negro occupied the cabin for a short time. The improvements, viz : fence and cabin, remained on the land only one season, and no one would now know that the land had ever been improved. The land was sold at Sheriff's sale, and appellants, viz : Franklin and his wife, sue to set aside the sale, on the ground that the land was the only tract owned by them ; that it was their homestead, and as such was exempt-ed from forced sale under execution. It was in proof that Franklin had appeared at the Sheriff's sale and given notice that whoever bought the land would buy a law-suit.

A jury was waived, and the cause being submitted to the Court, judgment was given for the defendant.

That the homestead exemption was founded upon principles of the soundest policy cannot be questioned. Its design was not only to protect citizens and their families, from the mise-

ries and dangers of destitution, but also to cherish and support in the bosoms of individuals, those feelings of sublime independence which are so essential to the maintenance of free institutions.

These are noble objects ; and such construction consistent with the spirit of the provision should be given, as would promote and secure the purpose intended. But the exemption guaranteed by law and the Constitution, is based upon the supposition that there is a homestead in fact, in actual existence ; that there is a home in which the citizen and his family are or might be settled. We are called upon in this suit to extend the exemption and declare that land upon which the owner never resided, never used or attempted or was preparing to use as a home, and which is in fact wild and uncultivated, should be regarded as a homestead, and as such protected from execution. We cannot assent to the proposition that this land should be considered as a homestead. The proposition would have been sound, had the Constitution declared that two hundred acres of land belonging to a head of a family should be exempted from forced sale. But such is not the provision. The homestead, not to exceed two hundred acres, is declared to be exempted. There must be a homestead over which the Constitution may throw its shield, and not land merely, upon which the owner may or may not put his cabin, mansion or improvements, and claim as a home.

A homestead necessarily includes the idea of a house for residence or mansion house. On town or city lots it cannot exceed a certain value. But on the rural homestead there is no such restriction. The dwelling may be a splendid mansion, or a mere cabin or tent, open to the winds and rains of heaven. If there be either, it is under the protection of the law ; but there must be a home residence before the two hundred adjoining acres can be claimed as a homestead. Where a home, residence or settlement has once been acquired on lands, it would not be necessary that there should be continuous, ac-

tual occupation, to secure the land from forced sale. If the citizen or family should leave in search of another home, the first would remain until the second should be acquired. If a husband remove his wife and family into another county, and without providing them a home, abandon his wife, she might again resume possession of the homestead. (Fullerton v. Boyle, Austin, December, 1856, *supra*.) And no absence, on pleasure or business, temporary in its nature, and not designed as an abandonment, would work a forfeiture of the right. Nor would it be necessary to secure the exemption, that a house should be built or improvements made. But there must be a preparation to improve, and this must be of such a character and to such an extent as to manifest beyond doubt, the intention to complete the improvements and reside upon the place as a home.

By law, various articles, in addition to the homestead, are exempt from execution, as viz: furniture, tools of trade, cows hogs, &c. But these must exist in fact, before the benefit can be claimed. The law provides that these articles shall be secured to the debtor out of his property, but that is only in the event that he is the owner of such articles. This rule pervades the entire exemption. It becomes operative only when the specific articles which it covers are in actual existence as the property of the debtor.

The rule is reversed, where the claim is for the benefit of the widow and children out of the estate of the decedent. But that has no application where debtors are claiming exemption in their own right.

In this case, there was no house or home upon the land. The plaintiff had not resided there before or since his marriage. He had made no preparation, or done no acts which would evince a fixed intention and purpose to select and appropriate the place as a home ; and we are opinion that there is no error in the judgment, and that the same be affirmed.

Judgment affirmed.