### N. H. BARNES ET AL. v. JOHN T. WHITE.

*(Case No. 958.)*

1. HOMESTEAD — FORCED SALE. — No forced sale of the homestead can be made, since the adoption of the constitution of 1876, for work done and material furnished in constructing improvements on it, unless the contract therefor is in writing, and the consent of the wife given thereto, under the same formalities required in making a conveyance of the homestead.
2. DESIGNATION OF HOMESTEAD. — The ordinary mode of designating a homestead is by occupancy. The necessity of legislation on this subject suggested.
3. HOMESTEAD. — To impress the character of a homestead upon property where there has been no previous occupancy, there should at least be a present *bona fide* intention to dedicate it as a home, coupled with such acts of preparation and subsequent early use as a homestead as would reasonably amount to notice of dedication, and thus prevent that from being used as an instrument of fraud which was designed as a shield of protection.

ERROR from Rusk. Tried below before the Hon. A. J. Booty.

Suit by plaintiff to subject a house and lots named in the petition to the payment for material sold to defendant in error to be used in the construction of the house, and which were so used. The lots were bare of any improvements. The defendant and his family were boarding out, and the material was so furnished after the commencement of the improvements, and before the defendant occupied the house as his home. Other facts appear in the opinion.

*Jas. H. Turner, Geo. H. Gould* and *W. W. Morris* for plaintiff in error.

I. This proceeding is had under the act of the 17th of November, 1871 (2 Pasch. Dig., art. 7112), entitled "An act to provide for and regulate mechanics', contractors', builders' and other liens in the state of Texas." The statement shows that the terms of the statute were strictly complied with, and the question here is, whether the property here sought to be condemned was legally a homestead as against the material for construction at the time it was furnished by plaintiff? The improvement was not a homestead *until actually occupied as such* by defendant and his family, coupled with the intent to remain. Franklin *v.* Coffee, 18 Tex., 416; Thompson on H. & E., secs. 309, 244 and 245; Gee *v.* Miller, 11 Allen, 67; Gee *v.* Kingsbury, 13 Tex., 71; Tadlock *v.* Eccles, 20 Tex., 782; 31 Tex., 683; Iken & Co. *v.* Olinick, 42 Tex., 196.

II. A mechanic, or one furnishing material of construction, cannot be deprived of his lien under the statute by a manifest intention to occupy after the proposed mansion has been completed as a homestead. He is protected by the statute and his contract under it. Pope *v.* Graham & Co., 44 Tex., 198; Mabry *v.* Harrison, 44 Tex., 292; Thompson on H. & E., sec. 317.

III. Under the contract in this case, it would be against common honesty to permit the defendant White to enjoy property constructed with the means of plaintiff in error. The statute should receive a liberal construction to uphold the demands of obvious justice. Defendant White must do equity by paying the plaintiff's demand here sued for, before he can claim the exemption he here seeks. Property may be claimed as a homestead, " provided, that the same shall be used for the purposes of a home," etc. Constitution of State of Texas, art. 16, sec. 51; R. S., art. 2336; Thompson on H. & E., sec. 372.

*Jones & Wynne* for appellee.

BONNER, ASSOCIATE JUSTICE.— This suit was instituted in

the district court of Rusk county, to recover an open account for $118.09 for certain sash, doors and other materials furnished by plaintiff Barnes to defendant White, on December 28, 1877, to aid in the construction of a dwelling house; and also to enforce the lien for the materials furnished.

On January 28, 1878, Barnes, to fix and secure this lien, caused a sworn bill of particulars, with description of the property, to be filed in the office of the clerk of the county court of Rusk county, and a copy to be served on White.

Among other defenses, White pleaded that the property for which the material was furnished was then and still is the homestead of himself and family, and that there was no sufficient contract entered into to subject the same to the lien sought to be enforced.

Judgment was rendered for defendant White.

Section 50, article XVI, Constitution of 1876, prohibits the forced sale of the homestead for work and material used in constructing improvements thereon, unless the contract therefor is in writing and the consent of the wife given in the same manner as is required in making sale and conveyance of the homestead — that is, by privy examination taken before the proper officer under the statute in such cases made and provided. This was not attempted to be done; and it having been proven that White had a family consisting of a wife and child, the only other question in the case is this: Was the property, at the time when the material was furnished, the homestead of White?

The legislation of some states of the Union has wisely required that the dedication of land for a newly acquired homestead shall be by public record notice.

Chapter 2, title 39, p. 342, R. S., requires such public record designation in case of excess of homestead over two hundred acres, and it is respectfully suggested that additional legislation, extending it to other cases, would be very beneficial.

Such law would, in many cases, prevent fraud, injustice and litigation, and would probably have prevented this lawsuit.

The ordinary mode of designating a homestead, with us, is by occupancy.

This court has in some instances impressed the character of homestead upon property intended as such, but which at the time had not been actually occupied as a homestead.

Actual occupancy, with such intention, is notice that the property has been thus dedicated.

Where there has not been a previous actual occupancy, there should be at least a present *bona fide* intention to thus dedicate the property, coupled with such acts of preparation and subsequent early use as a homestead as would reasonably amount to this notice, and thus prevent that from being used as an instrument of fraud which was designed as a shield of protection.

As said by Chief Justice Hemphill in Franklin *v.* Coffee, 18 Tex., 417, " there must be a preparation to improve, and this must be of such character and to such an extent as to manifest beyond doubt the intention to complete the improvements and reside upon the place as a home."

In the present case, the plaintiff himself testified that he furnished the material to defendant, "to be used upon his residence which he was then building upon the lots described in the petition."

Defendant White, introduced by plaintiff, testified substantially, that he had been improving the place for a residence for himself and family, consisting of a wife and child, for a month or two before he purchased the material; that he had no other homestead, and that he moved into the house as soon as he could make it habitable.

Under the evidence, applied to the law as heretofore decided by this court, and to the provisions of the Constitution of 1876, the plaintiff did not have a lien on the property; and as without the lien the district court did not have jurisdiction of the amount, it being under $500, the judgment is affirmed.

AFFIRMED.

[Opinion delivered November 23, 1880.]