## C. O. SWOPE vs. GEO. STAUTZENBERGER.

SUPREME COURT, AUSTIN TERM, 1883.

*Mechanic's Lien—Foreclosure—Description.*—In a petition for foreclosure of a mechanic's lien, a description which would be adequate for the conveyance of the land is sufficient. The designation of the fifty acres upon which the statute allows the lien should be left to the court.

*Same—Wife's Separate Property.*—It is a sufficient answer to the objection that the land was the separate property of the wife, that if she owned the property, not being a party to the suit, her rights were not adjudicated.

*Same—Homestead.*—If at the time of making the contract for improvements the land was not the homestead, the mechanics lien cannot be defeated on the ground that the wife failed to join in the execution of the written contract, nor that the act of improvement under the contract is such a designation of the homestead as to abrogate the lien.

October 28th, 1878, appellee sued appellant for $280.50, and to foreclose a mechanic's lien upon fifty acres of land in Guadalupe county, claiming that he had built a house upon the land for appellant, under a verbal agreement, and for which appellant had promis-

ed to pay him the amount sued for; that he had fixed and secured his lien under the statute; prayed for judgment and foreclosure of the lien. Other parties were joined as defendants, but as a discontinuance was entered as to them, no further notice need be taken of them. Appellant answered by general and special exceptions, and general denial, payment, and that the land was the separate property of his wife, who was neither a party to the contract or suit; and also that the land was the homestead of himself and wife, and that she had not joined in any written contract for the building of the house, as required by law.

November 18th, 1878, the case came on for trial. The court refused appellant's application for a continuance, and overruled the demurrers. Upon hearing, rendered judgment for appellee for the debt; decreed a foreclosure of the lien, directing the county surveyor to survey the fifty acres so as to include the house, &c. The errors assigned are sufficiently indicated in the opinion.

Appeal from Guadalupe county.

Opinion by Watts, J.

As the application for a continuance was not in compliance with the statute, it was addressed to the discretion of the court below. The record does not disclose any abuse of that discretion by the court in refusing the application.

The contract was made and the work and labor performed while the Mechanics lien law of 1876 was in force. That act provided that, " Both the contracts and accounts, when filed and recorded as above provided, shall be accompanied by a description of lands, lots, houses, and improvements made, against which the lien is claimed." And again, " The lien herein provided, if against land in the country, shall extend to and include fifty acres upon which such labor has been performed, or upon which the houses and improvements are situated." It was urged by appellant in the court below, that there was no sufficient description of the land accompanying the contract, which was filed and recorded for the purpose of fixing the lien. This objection is twofold, first that the description of the entire tract is not sufficient; second, there is no sufficient description of the particular fifty acres upon which the lien is claimed.

As to the first objection, the statement gives the name of the original grantee of the league, and the creek upon which it is situated, for a description of that portion of the land, owned by appellant,

reference is made to a certain deed of a particular date, "recorded in book G, on pages 157 and 158 of the county records of Guadalupe county."

That description would be adequate in a conveyance of the land, and no reason is perceived why a more certain or particular description should be required in the one case than the other. In either, the object and purpose is to require such a description as from which the land may be certainly found and identified. It does not appear from the record but that the description here given fully accomplished that object.

Then as to the second objection, the statement recites that the house was built upon the north or upper half of the tract. From the field notes set out in the petition, and to which the witnesses refer, it appears that there was a large excess in the tract over and above fifty acres.

Appellant insists that the appellee should have designated by " metes and bounds " the particular fifty acres against which he claimed the lien.

That construction of the statute is not maintainable. It does not occur to us that it was the intention of the legislature that in a case like this the mechanic had the right to designate the particular fifty acres, or the shape or line by which it should be designated. This would in many cases be impracticable, as the owner is presumed to be in possession, and the mechanic could only enter upon the land for the purpose of making a survey with the consent of the owner. Besides, the mechanic might exercise the right of designation in such manner as would unnecessarily injure the balance of the tract. In such case it seems to us that the matter should be left to the court to designate the land, and to have an official survey made as a basis for the sale. That was done in this case.

Next in order is the objection urged against the judgment, that the land was the separate property of the wife of appellant, and that she was not made a party to the suit. It is a sufficient answer to the objection, that if Mrs. Swope owned the land in her separate right, not being a party to the suit, her rights were not adjudicated and she would not be affected by the decree and sale. Pope vs. Graham & Co., 44 Tex. 198.

As a defense to the foreclosure of the lien, appellant claims that the land was the homestead of himself and family, and that the con-

tract was not in writing, signed and acknowledged by his wife as required by law.

The statute in effect provides that where lumber or material is furnished, labor performed, erections or repairs made upon the homestead, that as a condition precedent to fixing a lien therefor upon the homestead, the contract shall be in writing and signed and acknowledged by the wife in the same manner as in making sale of the homestead.

Clearly if the land was the homestead of Swope and wife at the time the contract was made for the building of the house, then the requirements of the law were not complied with, and no lien could attach or be foreclosed upon it. The evidence shows that at the time the contract was made, Swope and family lived at the Magnolia House in the town of Seguin. As to whether he owned that house or not is not made to appear from the evidence.

It does appear that he had never occupied or lived upon the land at that time. The land seems to have been a wild unimproved tract. Appellant claims that he intenped to make it his homestead. Appellee testified that at the time the contract was made, Swope told him that he did not know whether he would live in the house or not; that he wanted this small house built; and that when he heard from his friends he would then probably have a larger house built, and use this as a kitchen. It also appears from the record that at the time the contract was made that nothing had been done towards improving the land whatever; that when appellee went upon the land to commence the work, he found a man there digging holes for posts.

In a great majority of States it is held that an actual occupancy of the land must concur with the dedication as a pre-requisite to impressing upon it the homestead character. Thompson on Homesteads, Sec. 241–247.

But a more liberal rule prevails in this state. In Franklin vs. Coffee, 18 Tex., 417, Chief Justice Hemphill said :—"There must be a preparation to improve, and this must be of such a character and to such an extent as to manifest beyond doubt the intention to complete the improvements and reside upon the place as a home."

While in the case of Barnes vs. White, 53 Tex. 651, Justice Bonner discussing the question with respect to a material-man's lien, said:—"The ordinary mode of designating a homestead with us, is by occupancy. This court has in some instances impressed the char-

acter upon property intended as such, but which at the time had not been actually occupied as a homestead. Actual occupancy, with such intention, is notice that the property has been thus dedicated·

Where there has not been a previous actual' occupancy, there should be at least a present *bona fide* intention to thus dedicate the property, coupled with such acts of preparation and subsequent early use as a homestead as would amount to this notice, and thus prevent that from being 'used as an instrument of fraud which was designed as a shield of protection."

Here the evidence does not show such acts of preparation at and before the contract for the building of the house, as would impress upon the land the homestead character. There was no lumber or other material there upon the land, or other actual and tangible preparation then made for its improvements. And taking the evidence of the appellee—and it is not contradicted appellant did not then have that definite and fixed intention to make the property his homestead, even if such actual and tangible preparation for improvement had theretofore been made, as would impress upon it the homestead character. Whatever may be the rule as between the mechanic and creditors of the owner as to the time when the lien commences, as between the owner and the mechanic, in the determination of the question, whether the land was or not the homestead, so as to exempt it from the operation of the lien, unless the wife should join in the execution of the written contract, it would seem that the time of the making of the contract is the true criterion.

If at that time it was not the homestead of the owner, then no subsequent act of his could have the effect of abrogating and destroying his contracts. Nor is there any good reason for holding, that under the contract, and in the performance of the same, the mechanic must carry lumber upon the land, and then commence and complete the building; that these being acts evidencing actual and tangible improvements, when accompanied with the requisite intent, are sufficient to fix its character as the homestead; and as these things, that is the carrying of the material upon the land, and the performing of the labor as contemplated by the contract, that as to the mechanic they relate back to its execution. The contract is made with reference to the then existing condition of affairs. There is neitheir justice nor reason in the proposition that in such case, the

performance of the contract by the mechanic, will itself work a total destruction of his rights under it.

We conclude that there is no error in the judgment and that it ought to be affirmed.

Adopted.