## JOHN COLLIER V. C. L. BETTERTON.

### No. 413.

1. **Mechanic's Lien—Homestead.**—Where a residence was erected on vacant lots, the undisclosed intention of the owner and his family to use the property as a homestead will not impress it with that character as against the mechanic's lien on such building.

2. **Same—Acceptance of Building.**—Where a building contract provides, that the owner shall pay the contractor when the building is completed to the satisfaction of his superintending architect, an acceptance by such architect, in the absence of collusion and fraud, is conclusive as to the material and construction of the building.

3. **Same—Description of Property.**—A recital in a building contract, duly filed, that the building is to be an eighteen-room, two-story frame house, to be erected on lots 2 and 3, block 121, Oak Cliff, Dallas County, Texas, coupled with an affidavit attached to the contract giving the name of the contractor, and stating that it is the only house on the lots, is sufficient to support a mechanic's lien, without filing the plans and specifications.

4. **Same—Filing Within Four Months.**—The contract provided that the building should be completed by October 1st, and that payment therefor should not become due until the house was completed, delivered, and accepted, which did not occur until January 14th, succeeding. *Held*, that a filing of the contract on April 4th fixed the mechanic's lien within the statutory four months.

5. **Same—Penalty—Liquidated Damages.**—A stipulation in a building contract, that the contractor should pay the owner $10 per day as liquidated damages for each day of delay in the completion of the building, should be construed and treated as a penalty. See opinion of the Supreme Court on this point in Collier v. Betterton, 87 Texas, 440.

APPEAL from Dallas. Tried below before Hon. CHAS. F. TUCKER.

*Edwards & Blewett*, for appellant.—1. The second exception, a special demurrer, was well taken, and should have been sustained. The contract was not entitled to record, and no lien was fixed thereby. The account and affidavit attached to it were no part of it. Rev. Stats., art. 3167; Ferguson v. Ashbell, 53 Texas, 249; Lee v. O'Brien, 54 Texas, 636.

2. The third exception was well taken, and should have been sustained. No description of the building and the lots was filed and recorded with the contract, as required by the statute. Rev. Stats., art. 3165; Pool v. Stanford, 52 Texas, 634.

3. The court erred in charging the jury, in substance, that the certificate of O. H. P. Rudesill, the superintending architect, was conclusive of the matter therein stated, that portion of the charge being also upon the weight of evidence. Abbott's Trial Ev., 362, sec. 10; Guadalupe County v. Johnson, 1 Texas Civ. App., 713.

4. The court erred in charging the jury, in effect, that defendant's claim of homestead was no defense against the contractor's lien set up by plaintiff. Van Ratcliff v. Call, 72 Texas, 495; Brooks v. Chatham, 57 Texas, 33; Franklin v. Coffee, 18 Texas, 416, 417; Rev. Stats., art. 2341, sec. 3; Const., art. 26, sec. 50; Cameron v. Gebhard, 85 Texas, 610; Gallagher v. Keller, 23 S. W. Rep., 296.

*Watts, Aldredge & Eckford*, for appellee.—1. This suit being for balance due on a contract and to enforce the original contractor's lien, it was unnecessary, in order to fix and secure the lien, to do more than to file the contract in the office of the county clerk of Dallas County, and have it recorded there, with statement of amount due on said contract. Sayles' Add. to Civ. Stats., art. 3165.

2. The lots and house are sufficiently described in the contract, and also in the statement and affidavit of Contractor Swan. Stewart v.

Broome, 59 Texas, 469; Scholes v. Hughes, 77 Texas, 482; Phil. on Mech. Liens, 2 ed., sec. 379.

3.  The certificate of the supervising architect, O. H. P. Rudesill, that the building had been completed according to the contract, in absence of charge of fraud or collusion, was conclusive, and the evidence offered by defendant was therefore immaterial and inadmissible. Boettler v. Tendick, 73 Texas, 493; Phil. on Mech. Liens, 2 ed., sec. 136.

4.  As against a contractor's lien, there can be no homestead in a vacant unimproved lot, upon which nothing had been placed to indicate the owner's intention to make it a homestead, at the time the contract is made.  Swope v. Stanzenberger, 59 Texas, 387.

5.  The $10 per day was a penalty, and such a provision will not be enforced unless the party asserting his right to do so shows himself equitably and technically entitled to the recovery.  2 Greenl. on Ev., sec. 257; 1 Sedg. on Dam., secs. 405, 408, 415, 425; Phil. on Mech. Liens, 2 ed., sec. 147.

FINLEY, ASSOCIATE JUSTICE.—C. L. Betterton sued to recover, and enforce a mechanic's lien upon a building, for unpaid balance of $1610.82 due him as assignee of one W. G. Swan, the contractor who built the house against which it was sought to enforce the mechanic's lien.  The petition declares upon the building contract, which is attached as an exhibit and made a part of it.  The defendant interposed exceptions, general and special, and answered to the merits by general denial, and specially pleaded a number of matters in defense of plaintiff's demand, among them, in substance, the following: 1.  A misdescription of the property, and that it was not severable from the realty. 2.  That there existed no mechanic's lien on the house, by reason of failure to have the contract recorded in the time required by law, and in other specified respects failing to comply with the mechanic's lien law.  3.  That the property was the homestead, and the contract not being signed by his wife, was not subject to the lien.  4.  That the contractor failed to comply with the contract as to character of material and work, and the time in which the building was to be completed, for which damages were pleaded in reconvention.

Plaintiff, by supplemental pleadings, alleged:  That at the time of the execution of the building contract the lots on which the house was built were vacant, unimproved, and had never been occupied as a homestead; that nothing had been done to designate the property as a homestead, and that it was not exempt from the lien; also, matters in avoidance of defendant's claim for damages; that by the terms of the contract the building was to be completed to the satisfaction of the superintending architect, and that he had accepted it as completed according to the contract.

That defendant went into the building before its completion, and agreed, as a consideration for its occupancy, to waive the provision for damages contained in the contract.  This statement of the issues as

made by the pleadings is deemed sufficient for the purposes here intended.

The undisputed evidence shows, that John Collier, appellant, entered into a written contract with W. G. Swan, as principal, and Betterton Son & Co., as sureties, for the erection by Swan of an eighteen-room, two-story frame house, on lots 2 and 3, in block 121, in Oak Cliff, Dallas County, Texas, at an agreed price of $5670. By the terms of the contract, Swan was required to furnish all the material, work, labor, etc., necessary to a completion of the building according to the contract and the drawings and specifications provided, to the entire satisfaction of Collier, or the superintending architect. The contract was entered into on July 24, 1889; it required that the work should be completed by October 1, 1889; and provided, that for any delay in its completion beyond the date specified, the contractor, Swan, should pay to Collier, as liquidated damages, $10 per day for each and every day of such delay. The payments were to be made at different stages of the work, as it progressed. As to the last two payments, the contract provides, "when the building is satisfactorily finished and delivered," $1500 shall be paid; and "ten days after the building is completed and delivered," the remainder of the contract price shall be paid. "The last two payments will not be due or payable until the parties of the second part (the contractor) furnish satisfactory evidence that all bills and claims against the building are paid." The amount of the contract price was paid during the work, except the amount here sued for, $1610.82, which was not paid. The building was not completed until January 14, 1890. When it was completed, the superintending architect, the employe of Collier, accepted the building, as being erected, as to material and workmanship, in accordance with the terms of the contract, plans, and specifications; gave his certificate to that effect, and direction for the payment of the balance of the contract price. By permission of Swan, Collier moved into the building on November 12, 1889, occupying two rooms, and continued its occupancy to the time of its completion. Collier, his wife, and daughter, testified to bad material and unskillful workmanship, and the testimony of experts was offered to the same effect, but on objection, it was not admitted by the court.

The lots upon which the building was erected were purchased two days before the contract was entered into; they were vacant lots, were in no way designated as the homestead of Collier, and Swan had no notice of any character of an intention to make the property the homestead of Collier and his family. Collier, his wife, and daughter testified, that such was the intention at the time of the purchase of the lots and the making of the contract for the building, and that Collier had no other homestead; but they testified to no words or acts which could have put the contractor on notice of such intention.

April 4, 1890, the building contract was filed with the county clerk of Dallas County for record, accompanied by an account properly ver-

ified.   The account was made out against John Collier, and stated to
be for "amount contract with W. G. Swan for building house on lots
2 and 3, block 121, Oak Cliff, Texas, $5670."   Then follow dates and
amounts of credits, aggregating $4059.18, with the statement, "Bal-
ance due, $1610.82, for which a builder's lien is claimed upon said
house against John Collier."   The affidavit states the account to be
for the balance due and unpaid upon the contract attached, and states
that the lien is claimed on the house erected by the affiant, Swan, on
the lots named in the written contract, it being the only house on said
lots, the two lots being combined for building purposes.   The account
and lien were transferred, for value, to C. L. Betterton, August 20,
1890.   The court, in its charge to the jury, withdrew the issues of
homestead and damages, for failure to comply with the contract as to
the material and workmanship of the building, and submitted only
the issues as to whether the contract was filed within four months from
the completion of the building, and as to whether Collier had waived
his right to damages for delay in the completion of the building; in-
structing the jury, that if the contract was filed within four months
from the completion of the building, the mechanic's lien attached;
otherwise, it did not; also, that unless Collier waived his right to dam-
ages for delay, they should award him $10 per day from October 1,
1889, to November 12, 1889, the day Collier went into the building.   The
jury found in favor of plaintiff for the debt, and foreclosure of the
lien, and $420 damages in favor of Collier, which was deducted from
the amount found for plaintiff.

*Opinion.*—In view of the manner in which the court submitted the
case to the jury, eliminating all issues from their consideration, ex-
cept as to whether the contract was filed for record within the time
prescribed by law, and that of the waiver by appellee of damages for
delay, we do not deem it necessary to consider the various assignments
of error based upon the rulings of the court upon exceptions to the
pleadings.   The questions presented will be sufficiently considered in
determining the correctness of the presentation of the case to the jury.

1.   Was the court justified in withdrawing from the jury the defense
of homestead?   The mechanic's lien is not brought into existence by
filing the contract for record, but arises when the work is performed,
or material furnished, and is effective from the date of the contract.
The statutory requirements as to filing, recording, etc., are necessary
for the preservation and enforcement of the lien.   At the time this
contract was made, if there was any intention to appropriate the prop-
erty as a homestead, it was a secret intention, evidenced by no act or
word which could have reasonably given notice of such intention.
The first act indicating any intention to improve the property was the
making of the contract for the erection of the building upon which the
lien is claimed and sought to be enforced.   The entertainment of such
secret intention could not impress upon the property the homestead

character. Swope v. Stanzenberger, 59 Texas, 387; Cameron v. Gebhard, 85 Texas, 610; 57 Texas, 33; 59 Texas, 322; 64 Texas, 79; 64 Texas, 85; 18 Texas, 417; 20 Texas, 417; 23 Texas, 502; 53 Texas, 631; Wolf v. Butler, ante, p. 467.   The issue was properly excluded.

2. Was it proper for the court to exclude the issue of damages pleaded in reconvention for failure to comply with the contract as to the character of the material and work of the building? By the terms of the contract, appellant was bound to pay for the building when it was completed to his satisfaction, or that of his superintending architect. This provision was valid and binding upon both parties to the contract, and in the absence of allegation and proof of fraud, or collusion between the architect and contractor, appellant was bound by his acceptance of the building, as being constructed in material and work in accordance with the contract. Such acceptance by the architect being an undisputed fact, the court did not err in excluding this issue. Boettler v. Tendick, 73 Texas, 493; Phil. on Mech. Liens, 2 ed., sec. 136.

It is contended, that there was not a sufficient description, under the statute requiring a description in such contracts and accounts, of the property upon which the lien is claimed. We can not agree with this proposition. The contract described the house to be built, as an eighteen-room, two-story frame house, and the place where it was to be built as lots 2 and 3, in block 121, Oak Cliff, Dallas County, Texas. The account and affidavit thereto attached gave the further description, that it was the house built by Swan, and was the only house on the two lots, which were combined for building purposes. This description was sufficient, without the filing of the plans and specifications. The lien is sought here to be enforced upon the house alone. Scholes & Goodall v. Hughes, 77 Texas, 482.

Was the contract filed within four months from the time the indebtedness accrued? Under the contract, the indebtedness sued for did not become due until the completion, delivery, and acceptance of the building. It was an admitted fact that the building was not completed, delivered, or accepted until January 14, 1890, and the contract was filed for record April 4, 1890. Clearly the filing of the contract with the county clerk was within the time prescribed by law. Rev. Stats., art. 3174.

It is urged, that the court should have submitted the issue as to whether or not the appellant was entitled to liquidated damages at the rate of $10 per day between the 1st day of October, 1889, and January 14, 1890; and it was error to restrict his right to recover to the 12th day of November, 1889, the date upon which appellant entered the house and continued to occupy it.

We do not think that the action of the trial court upon this issue can be complained of by appellant. We think the stipulation in the contract for $10 per day, as liquidated damages for each day of delay in the completion of the building, should have been construed

and treated as a penalty. 2 Sedg. on Dam., 7 ed., 206; Durst v. Swift, 11 Texas, 281; Moore v. Anderson, 30 Texas, 225. Under such a construction, there was not proof of damages to the extent of the recovery, and appellant suffered no injury from the charge as given.

We find no reversible error committed upon the trial, and the judgment of the court below is affirmed.

*Affirmed.*

Delivered October 10, 1894.

Writ of error refused.