## CITY OF FORT WORTH for Use of ROACH-MANIGAN PAVING CO. v. JOHNSTON et al. (No. 11728.)*

Court of Civil Appeals of Texas. Ft. Worth. March 12, 1927.

Rehearing Denied April 9, 1927.

1. **Municipal corporations** ⟨⟩435—City's right to lien for improvement could not be destroyed by subsequent sale of property and dedication by new owner as homestead.

The right of a city to fix lien on abutting property for street improvement by complying with necessary legal requirements therefor could not be destroyed by subsequent sale of the property and its dedication by new owner thereof as a homestead after its acquisition.

2. **Municipal corporations** ⟨⟩435—Resolution authorizing assessment for improvement was not required to be recorded to give notice to subsequent purchasers.

Since assessments against abutting property for street improvement was essentially a tax, resolution of board of commissioners authorizing assessments were not such instruments as should have been recorded in county records to give notice to subsequent purchasers of property in accordance with provision of registration statutes.

3. **Municipal corporations** ⟨⟩435—Grantee, purchasing abutting property while assessment proceedings are pending, is bound by assessment.

The grantee who purchases abutting property while assessment proceedings are pending with the board of commissioners, but before the assessment has become a technical lien, is bound by such assessment, if the proceedings are regular.

4. **Municipal corporations** ⟨⟩435—One purchasing abutting property after assessment is ordered cannot claim protection as bona fide purchaser.

If, by statute, an assessment for street improvement is not a lien until contract is let, one purchasing abutting property after improvement is ordered, but before contract is let, cannot claim protection as a bona fide grantee.

Appeal from District Court, Tarrant County; Jas. E. Mercer, Judge

Suit by the City of Fort Worth for the use of the Roach-Manigan Paving Company, against R. D. Johnston and others. From a judgment for defendants, plaintiff appeals. Reversed and rendered, and judgment certified to trial court for enforcement.

Charles Kassel, of Fort Worth, for appellant.

J. R. Black, of Baird, for appellees.

DUNKLIN, J. The city of Fort Worth, for the use and benefit of Roach-Manigan Paving Company, instituted this suit against J. J. Perkins and R. D. Johnston and wife, Mrs. R. D. Johnston, and the Home Development Company, a corporation, to recover an amount due upon a paving certificate issued by the city in favor of said paving company to cover a portion of the cost of paving on Clinton avenue in the city of Fort Worth, and to fix and foreclose a lien on that property to secure the payment of the debt. Upon the trial of the case the suit was dismissed as against J. J. Perkins, and plaintiff was denied any relief as against the other defendants. From that judgment plaintiff has prosecuted this appeal.

The record shows that the board of commissioners, by resolution passed December 28, 1912, decided to pave Clinton avenue from Central avenue to Twentieth street, and in the same resolution it was provided that bids would be entertained for such improvements, and that the work would be done by contract to be let by the city. The resolution further specified the paving material to be used, the depth and width of the paving, and directed the city engineer forthwith to prepare and file with the board specifications for the work and to advertise and invite bids therefor. The resolution further provided that railways occupying portions of the street should pay certain portions of the cost of improvement, that the city should pay certain portions, and that the owners of property abutting on the street should pay the balance of such cost. The resolution further provided as follows:

"That the portion of said cost that shall be payable by the owners of property abutting upon such street or avenues named to be improved shall be paid within 30 days after completion of said pavement in front of each property, respectively. That the portion of such cost to be paid by the property owners and their property shall be assessed against such property owners and their property, and shall constitute a personal liability of such property owners and a lien against their respective property, and shall be assessed in accordance with the front feet rule or plan in proportion as of property of each owner is to the whole."

The resolution further provided:

"That the personal liability of such owners and the lien against their property as the same may be fixed by such assessment shall be en-forceable as is provided in said charter (special charter of city of Forth Worth) by sales of said property for ad valorem taxes for the city of Fort Worth, or by suit in any court having jurisdiction, together with all cost and reasonable attorneys' fees, if such cost and attorneys' fees shall be actually incurred. That, after such assessments, the board of commissioners will cause to be issued to the contractor doing the work assignable certificates in accordance with the said charter, setting forth the amount assessed against each owner and his property and the terms and the time of payments thereof, but the city of Fort Worth shall in no instance nor under any circumstances be liable for the payment of such certificates. * * * That the contractors to whom the work may be let shall not be obligated to lay and construct any improvement in front of the property of any owner within the limits to be improved whose property shall be exempt from the enforcement of assessment against the same for the cost thereof, unless each owner shall first secure to said contractor to his or its satisfaction the payment of the portion of the cost payable by the owners of such property. That this resolution shall take effect from and after its passage."

On March 29, 1913, the board of commissioners passed a resolution postponing the paving theretofore ordered for a period of 18 months.

On May 25, 1915, the city engineer presented to the board of commissioners his report showing that the paving theretofore ordered on Clinton avenue had been completed by Roach-Manigan Paving Company in full compliance with the terms of the contract and specifications between the city of Fort Worth and that company, dated December 28, 1912, and that the total cost of improvement was $17,861.60. A resolution was then passed by the board approving the report so filed by the city engineer and accepting the improvement so made.

On the same day, to wit, May 25, 1915, the board of commissioners passed an ordinance reciting that the city had theretofore entered into a contract with Roach-Manigan Paving Company to improve Clinton avenue from Central avenue to Twentieth street, and that all official proceedings prescribed by the charter and ordinances of the city had theretofore been duly and regularly taken, as prerequisites to the levy and assessments of part of the cost of the improvements against the owners of property abutting on the street, and the owners thereof, and that all notices required by the city charter and ordinances to be given had been given as required. The ordinance specifically provided that J. J. Perkins should be personally liable for $200, as his portion of the cost of paving of a lot fronting 50 feet on Clinton avenue and being portions of lots 22 and 23 of block 102, North Fort Worth, and that "a lien is hereby created and fixed against each and every lot, tract, or parcel of land above described, superior to all the liens, claims, or titles ex-

cept lawful taxes, to secure the payment of the amount assessed and charged against the same as aforesaid, together with interest and costs of collection including reasonable attorneys' fees when incurred."

A certificate was duly issued in favor of Roach-Manigan Paving Company for the amount of assessment against J. J. Perkins and the lot in controversy, all in accordance with the provisions of the charter and containing recitals to the effect that the charter provisions relating to the issuance of such a certificate and the fixing of such a lien had all been duly complied with. That certificate is the basis of this suit.

The record shows that, when the first resolution was passed, J. J. Perkins was the owner of the lot described in the assessment against him. Between the dates of the first resolution and ordinance, the following conveyances were made, all of which were duly filed for record in the deed records of Tarrant county: J. J. Perkins and wife, Minnie D. Perkins, to R. J. Rhome, dated June 10, 1913; R. J. Rhome to Home Development Company, dated September 4, 1913; Home Development Company to R. D. Johnston and wife, Emma Johnston, dated September 8, 1914, filed for record September 29, 1914, in the deed records of Tarrant county.

Before the paving was done, Johnston and wife were living on the property and occupying and claiming the same as their homestead. An agent of the paving company solicited them to sign a contract to pay a pro rata part of the cost of the improvements in front of their lot, but that request was refused, and Johnston then and there informed the agent of the paving company that the property was his homestead, which could not be burdened with the lien for any part of the cost of paving, and that the owners desired that the street in front of their lot be left unpaved. However, the paving company ignored the protest so made by Johnston and wife and proceeded to pave in front of their lot, in accordance with the resolution first passed by the board of commissioners.

The record shows that Johnston and wife had no actual notice of the passage of the first resolution by the city commissioners at the time they purchased the property. The proof further showed that at the time the first resolution was passed the lot in controversy was unimproved; the house now thereon being later built by the Home Development Company.

[1] As shown by recitals in the judgment rendered, the trial judge, before whom the case was tried without the aid of a jury, held that no lien was fixed upon the lot because the same was the homestead of Johnston and wife before the ordinance by the board of commissioners was passed, and that no personal judgment could be rendered against Johnston and wife, in the absence of any personal liability assessed against them by the board of commissioners and in the absence of any contract by them to pay any part of the cost of improvement.

Whether or not the conclusion so reached by the trial judge was correct is the sole question to be determined on this appeal, and we have reached the conclusion that that issue should be determined in favor of appellant. As against J. J. Perkins, the former owner of the property, it cannot be questioned that the passing of the first resolution and complying with all the necessary legal requirements antecedent thereto, the city acquired the right thereafter to fix a lien upon the property for the street improvement. The only thing left to be done was the letting of the contract for the improvement and the ascertainment of the amount to be assessed against the property. Having acquired that right, the city, in the interest of the public generally, as well as the owners of all property abutting on the same street, owed the duty to follow up the initial step taken by the passage of the first resolution. By the passing of the first resolution, a potential lien was created which later ripened into a definite and fixed lien when the amount to be charged was determined. It would be unreasonable to hold that the right so fixed by the city, which was as much a vested right as though it had been acquired by contract with the owner, could be destroyed by a subsequent sale of the property to Johnston and wife, and the dedication of it by them for homestead purposes after its acquisition. To so hold would practically defeat any plan of the city to pave the streets, since successive proceedings would have to be instituted whenever any abutting property might change ownership. In the federal decision in the case of Village of Norwood v. Baker, 172 U. S. 269, 19 S. Ct. 187, 43 L. Ed. 443, it was held that private property could not be assessed to pay for a public improvement for an amount in excess of special benefits accruing to the property, and that therefore it would be necessary for a notice and hearing to be afforded before the assessment is levied. In order to meet such an objection, the charter of the city of Fort Worth postpones the actual assessment of abutting property until after such notice and hearing, and limits the amount of the assessment to the special benefits accruing to the property; and, in the ordinance passed by the city commissioners with respect to the improvement in question, there was a specific determination of the amount of such benefits, and the amount so determined and fixed was the same as that provided for in the certificate upon which this suit was instituted.

In Swope v. Stantzenberger, 59 Tex. 387, a mechanic's lien was enforced against certain property for improvements made under a parol contract. The owner defended on the

ground that the property was his homestead, and therefore the contract was invalid because not in writing and signed by husband and wife. That defense was overruled. It appeared that the property was made a homestead after the parol contract for the improvements had been entered into. The Supreme Court in that case said:

"It would seem that the time of the making of the contract is the true criterion. If at that time it was not the homestead of the owner, then no subsequent act of his could have the effect of abrogating and destroying his contracts. * * * The contract is made with reference to the then existing condition of affairs. There is neither justice nor reason in the proposition that in such case the performance of the contract by the mechanic will itself work a total destruction of his rights under it."

[2-4] Since the assessment against the property was essentially, if not strictly speaking, a tax, the resolutions passed were not such instruments as should have been recorded in the deed records of the county in order to give notice to subsequent purchasers and creditors in accordance with the provisions of the registration statutes, and hence there is no merit in the plea of innocent purchaser by Johnston and wife.

Highland v. City of Galveston, 54 Tex. 527, was a case involving costs of improvements of a sidewalk, and the following was said:

"The burden. of the improvement when ordered, or its cost when constructed, attached to the lot in the possession of any party having an interest therein. Whatever that interest, it was subordinate to that burden or charge, and was liable to be defeated by the sale of the lot regularly made to enforce the collection of the cost."

Although that involved the cost of sidewalk construction and not of street pavement, the principle is not different in the two cases. To the same effect was Adams v. Fisher, 63 Tex. 651, in which case Judge Stayton, speaking for the Supreme Court, said:

"The passage of the sidewalk ordinance was per se notice to all the citizens, the law presuming that all the citizens of the municipality know her laws. After the work was done, the assessment was simply a matter of measurement to ascertain the cost and report the same to the council under the prescribed form, which did not require any other notice to the abutter than such as every lot owner is supposed to take of what is being done upon his sidewalk."

In 2 Page and Jones, § 1072, on Taxation by Assessment, the following is said:

"If a city has constructed an improvement and has a right to levy an assessment, and before such assessment is levied the land is sold, the grantee takes in subordination to the lien of the assessment. This is true if the assessment does not become a lien until after the conveyance. The grantee who purchases while assessment proceedings are pending, but before the assessment has become a technical lien, is bound by such assessment if the proceedings are regular If, by statute, an assessment is not a lien until the contract is let, one who purchases after the improvement is ordered but before the contract is let, cannot claim protection as a bona fide grantee even if otherwise he would have been entitled to such protection, and, as has been said before, the condition of the property at the time of the improvement ordinance determines its liability for assessment, even 'if the assessment does not become a lien until later. Under a statute providing for an assessment for widening a street, the assessment is held to be an incumbrance from the time of the order for widening such street, even though a grantor who conveys after such order has only constructive notice of such improvement."

For the reasons noted, the judgment of the trial court is reversed, and judgment is here rendered in favor of appellant as against appellee R. D. Johnston and wife, Mrs. R. D. Johnston, as of date March 31, 1926, when the case was tried in the court below, fixing the amount of assessment then owing to plaintiff as against the property in controversy at $423.30; the same being the principal sum of $200, $173.30 interest, and $50 attorneys' fees, and decreeing that the same is secured by a valid and subsisting lien on the property in controversy, to wit, the south 20 feet of lot 22, and the north 30 feet of lot 23, in block 102, North Fort Worth, Tarrant county, Tex., and which lien is hereby foreclosed. And judgment is also rendered in favor of plaintiff against appellees Johnston and wife for costs of suit in the trial court and in this court, for which let execution issue. It is further ordered that an order of sale be issued in terms of the law in such cases made and provided, commanding the sheriff or any constable of Tarrant county to seize and sell the said property, and that he apply the proceeds of such sale, after deducting the cost of execution and sale, to the satisfaction of appellant's said debt. It is further ordered that the amount of the assessment so fixed shall draw interest at the rate of 8 per cent. per annum from March 31, 1926, until paid. The judgment rendered by the trial court dismissing appellant's suit as against defendant J. J. Perkins and decreeing that plaintiff take nothing as against the defendant Home Development Company is left undisturbed. This judgment will be certified to the trial court for enforcement in accordance with the statutes in such cases made and provided.