**RUDOLPH et al. v. HANES et ux.**

No. 13641.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 10, 1937.

Mark Smith, of Waxahachie, for appellants.

Charles Ashworth, of Kaufman, for appellees.

BROWN, Justice.

On April 23, 1926, appellees, L. C. Hanes and his wife, Genevieve, made, executed, and delivered to Ross Smith, as trustee, their deed of trust conveying the 81 acres of land in controversy to secure an indebtedness of $6000—represented by a promissory note.

This instrument in writing, which is shown to have been properly acknowledged by both appellees, contains the following statement: "That said property herein described, or any part thereof is not our homestead, used or enjoyed by us as such."

Default having been made in the payment of the balance due upon the indebtedness thus secured, the Waxahachie National Bank, to whom the note and lien securing same had been duly transferred, sought to enforce the terms and provisions of the said deed of trust, and appellee L. C. Hanes, on July 2, 1928, brought suit in the district court against the trustee named in the deed of trust, and against S. M. Rudolph and W. K. Rudolph (the named beneficiaries in the deed of trust) and against the Waxahachie National Bank, their assignee and owner and holder of the debt and lien, contending that the deed of trust lien is void and of no effect because the land was at all times the homestead of L. C. Hanes and his family, and prayed for an injunction restraining the sale of the lands.

A temporary injunction was granted L. C. Hanes, but on June 8, 1929, the injunction was, after a hearing, dissolved by the district court, and due exception taken by Hanes and notice of appeal to the Dallas Court of Civil Appeals was given.

This appeal does not appear to have been perfected.

On August 8, 1929, the trustee sold the property in controversy to S. M. Rudolph, he being the highest bidder therefor.

We do not find where the deed from S. M. Rudolph to the above-named bank was introduced in evidence, but testimony was offered showing that this transaction actually occurred.

The said Waxahachie National Bank, by its deed, conveyed the property to appellant C. W. Winterrowd on January 19, 1933, and Winterrowd went into possession immediately and paid the delinquent taxes due on the premises for the years 1928 to and including 1933, and has paid all taxes thereon since said time; and made valuable improvements thereon.

The transcript does not show the exact date on which the instant suit was brought by Hanes and his wife. The second amended original petition is in the transcript and same was filed September 24, 1936. It names S. M. Rudolph and C. W. Winterrowd as defendants. The suit is in trespass to try title.

In this petition the same defense was set up as was pleaded in the injunction suit, brought by Hanes, as above shown, in 1929.

Appellants defended by pleading the proceedings had in the injunction suit, as a plea in bar of appellees' rights sought to be urged in the instant suit; and further pleaded the appropriate statutes of limitation, and the execution of the deed of trust which appellees seek to avoid.

The plea in bar was overruled and due exception taken by appellants.

The case was tried to a jury and several issues submitted for a determination of the facts.

We will not notice all such issues, because of the view taken by us, and because we believe the cause should be remanded for a correct hearing and trial.

Issue No. 1 reads as follows: "Was it the intention of the plaintiffs, L. C. Hanes and wife, to use the 81 acres of land in question as a home at the time the Deed of Trust was executed, on April 23, 1926, the date of the Deed of Trust?"

Appropriate objection was made to the submission of this issue, because it is limited to simply the intention of the plaintiffs, and does not instruct the jury relative to acts upon the part of the plaintiffs indicating the immediate and early use of the property by them as a homestead.

The objection to the charge was overruled.

This was error, as we will later show.

Issue No. 2 reads: "Did the defendants make permanent and valuable improvements on the 81 acres of land in question as a home at the time the Deed of Trust was executed on or about April 23, 1926, the date of the Deed of Trust?"

The jury answered both of the above-quoted issues in the affirmative.

On these answers, and the affirmative answer to another issue numbered 2, that inquired whether or not the defendants made permanent and valuable improvements on the land, acting in good faith, and the answer to issue No. 3 that the value of the improvements at the time of the trial is $350, and the answer that there was no value of the use and occupancy of the premises by the defendants over and above the value of the improvements made by them (issue 4), and the finding that the land without the improvements made by defendants was valued at $800 (issue 5), and that no value was found of the use and occupancy or damages done to the premises by the defendants (issue 6), and that the defendants and those under whom they claim title have not "had actual and adverse possession of said land and premises for a period of five years prior to September 13, 1934, the trial court rendered judgment that appellees—plaintiffs below—recover title to and possession of the lands as against S. M. Rudolph and C. W. Winterrowd, and divesting all title to same out of said Rudolph and Winterrowd.

The court then attempts to balance the equities between the parties on the money verdict found for said respective parties.

A motion for a new trial was timely filed and, being overruled, exception was taken and notice of appeal given to the Dallas Court of Civil Appeals, and the cause was by the Supreme Court transferred to this court for review.

From the state of the record we cannot say whether or not, on a hearing of the plea in bar, there was introduced the original petition filed by Hanes, seeking an injunction against the sale of this tract of land, on the theory of its being his homestead, the temporary injunction, the order dissolving same, the exception

and notice of appeal, and the fact that no appeal was actually taken. These documents and orders were attached as certified copies and exhibits to the plea in bar, and witnesses were interrogated concerning the matters.

We believe this plea in bar is well taken, but doubt that proper proof was made of all the material facts necessary to sustain the plea.

■ We find that Waxahachie National Bank brought suit in the district court of Ellis county on the above-mentioned note and sought a foreclosure of the above-mentioned deed of trust lien as against L. C. Hanes and wife and W. K. and S. M. Rudolph, and that Hanes and wife answered in substance as follows: That subsequent to the execution and delivery of the note and deed of trust Hanes was duly adjudged a bankrupt; that the lands in controversy were set aside to him as a homestead, subject to all valid liens existing against it; that he was discharged from all his provable debts, including the note sued on; and further that the bank had caused the land to be sold under the power contained in the deed of trust and purchased same at the sale and secured by such purchase a good, valid fee-simple title thereto.

The court found these allegations to be true and dismissed the bank's suit. The judgment of dismissal was affirmed by the Court of Civil Appeals for the Waco District. Waxahachie Nat. Bank v. Hanes, 50 S.W.2d 424. In that suit Hanes and wife could have and should have raised the same issues they attempt to raise here, but neglected to do so, and specially pleaded a good title in the bank by reason of the sale under the deed of trust, and a release from whatever remained unpaid on the indebtedness by reason of the bankruptcy proceedings and his discharge from all provable debts.

All these matters should have been fully pleaded and presented in the instant suit.

■ The assignment of error attacking special issue No. 1, quoted above, is well taken.

The issue is erroneous and the finding made thereon is not sufficient, under this record, to support a judgment for appellees.

A mere undisclosed intention to make an unimproved tract of land a homestead, without doing some affirmative act looking toward its improvement, which is of such a character and such extent as to manifest beyond doubt the intention to complete the improvements and to reside upon the property as a homestead, avails nothing. So said Chief Justice Hemphill in Franklin v. Coffee, 18 Tex. 413, 417, 70 Am.Dec. 292, and Justice Bonner said in Barnes v. White, 53 Tex. 628, 631: "Where there has not been a previous actual occupancy, there should be at least a present bona fide intention to thus dedicate the property, coupled with such acts of preparation and subsequent early use as a homestead as would reasonably amount to this notice [that is, notice of intention to dedicate the property as a homestead], and thus prevent that from being used as an instrument of fraud which was designed as a shield of protection." (Brackets ours.)

■ The facts of this case show that this property was deeded to Hanes by his mother; that it was unimproved woodland, and that nothing except the cutting of some timber and possibly an attempt to clear a small portion of the tract was ever accomplished by Hanes before he executed the deed of trust, which he here attempts to avoid. The evidence was conflicting even as to the cutting of any timber, looking toward clearing the land for use.

It was further shown that Hanes and his family never lived on the premises. His testimony discloses that his family lived in the city of Ennis, Tex., and that he stayed on the premises, after he had built a log house thereon (long after the deed of trust was executed), for a few days at a time. See Swope v. Stantzenberger, 59 Tex. 387, and Fort v. Powell, 59 Tex. 321.

In the last-cited case it is said: "While it is necessary to clothe property with the homestead character that the owner should intend it as such, that intention, unaided by some use of the property as a homestead, does not have that effect: the two must concur; the intention and use are indispensable."

We have to say of the instant case what the learned justice said of the case from which the quotation is taken supra: "In this case the evidence fails to show that definite, certain and fixed intention to make the property his homestead that would be requisite to constitute it such, in the absence of such occupancy as would at least indicate to the public the homestead character of the property."

We are frank to say that, if the plea in bar is presented fully on another trial and the evidence sustains the allegations of the plea showing that Hanes brought the injunction suit to restrain the sale of this property under the powers given in the deed of trust, that such temporary relief was granted him, but the writ was thereafter dissolved and such judgment was a final determination of the issues raised, or, if the evidence as to the use made of the property by Hanes, prior to the execution of the deed of trust, and his preparation for improving the property as a homestead goes no further than that disclosed by this record, it will be the duty of the trial court to peremptorily instruct the jury for the defendants below.

Estoppel is discussed in appellants' brief, because of the recitations found in the deed of trust, but we have not found where such estoppel was properly pleaded.

We called attention to the wording of issue No. 2, and the answer of the jury to same, as the verdict is copied in the judgment of the trial court.

If it be contended that the use of the word "defendants" is a typographical error on the part of the clerk, and that same should have been "plaintiffs," it is now too late to amend the transcript, after the cause has been submitted. Houston & T. C. Ry. Co. v. Parker, 104 Tex. 162, 135 S.W. 369.

If it be contended that such is a typographical error made in preparation of the charge, we cannot assume that the jury understood the charge to relate to the plaintiffs and not to the defendants.

The answer to the issue as it is worded furnishes no basis for a judgment for the plaintiffs below.

Furthermore, if there be the typographical error occurring in either manner indicated, then we unhesitatingly say that the answer is not supported by the evidence. The evidence does not tend to prove that the plaintiffs made permanent and valuable improvements on the 81 acres of land in question as a home at the time the deed of trust was executed by Hanes and wife.

For the reasons given, the judgment of the trial court is reversed and the cause is remanded.